JEDEDIAH S. CLARK, Respondent, *v.* CHARLES NORTON et al., Appellants.

Assessors are not personally liable for errors or mistakes in the assessment where they have jurisdiction and act within the scope of their authority, but if they exceed their powers and act without authority, and in contravention of the statute prescribing and regulating their duties, they are civilly liable to any person injured by their action.

Assessments must be made by the first of July, and of property and persons in respect to the liability as it exists upon that day. An individual not liable upon that day cannot be placed upon the assessment roll thereafter, nor can a person whose name is properly upon the roll be assessed for property subsequently acquired. After the deposit of the roll for examination the assessors cannot add names thereto, or add to the assessments of individuals other property, or change the character of the property assessed. Where the roll is completed the duty of the assessors is fully performed, except in the matter of a review of the assessment as made and as permitted by statute. Although one purchasing property after the completion of the roll agrees to pay the tax thereon, this confers no jurisdiction upon the assessors to change the assessment, nor does it operate as a waiver of the legal rights of the purchaser. It is a matter resting in contract between the parties and is to be enforced in the usual way.

(Argued April 15, 1872; decided April 23, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. The action was brought against defendants for an alleged wrongful assessment. (Reported below, 3 Lans, 484; 59 Barb., 169.)

During the year 1868 defendants were assessors of the town of Canton, St. Lawrence county, and made the assessment roll for that year.

In May and June, and down to the 6th day of July, 1868, plaintiff resided in the town of Canton, on a farm, the greater portion of which was in the town of Canton.

Upon the assessment roll, as completed, the farm was assessed to plaintiff at $2,750.

The roll was completed before the first day of August, 1868, a copy left with one of defendants, and notice given

under the statute that the assessors as aforesaid would meet to review such roll on the third Tuesday of August, 1868.

Respondent sold his farm on the 6th of July, delivered the deed on the 8th, and gave possession on the 9th, and removed into the town of Russell.

At the time of the delivery of the deed of the farm, plaintiff took from Fowler, to whom the same was sold, an agreement in writing to pay the taxes thereon for the year 1868.

On the 18th day of August, the review day, the appellants, on the application of Fowler, changed the assessment roll as at first made, by putting the farm to Fowler, who had purchased the same, and assessing the respondent $2,750 for personal property.

The roll with said last mentioned assessment was sworn to by appellants and delivered to the supervisor and presented by him to the board of supervisors, who thereupon, November 20, 1868, made their warrant to collect of plaintiff a tax of $70.70, assessed upon said personal property.

The collector of the town of Canton, upon this warrant, seized the property of plaintiff, and under protest sold the same March 1, 1869, to collect this tax. The amount of recovery, in case respondent was entitled to recover, was stipulated at $77.45.

On the trial, defendants, under objection and exception, gave evidence, tending to show that plaintiff, before the delivery of the papers for the conveyance of the farm, agreed to pay the tax upon the personal property assessed on the roll to Fowler. At the close of the case plaintiff moved to strike out all of the evidence in the case in reference to the agreement between Fowler and Clark, as to paying the tax upon personal property, as immaterial, and the motion was granted, and defendants excepted; and the court directed a verdict for $77.45, and judgment was entered upon such verdict.

*W. C. Cooke* for the appellants. The error of defendants, if any, was a judicial one, for which they are not liable. (*Weaver* v. *Devendorf*, 3 Den., 117; *Vail* v. *Owen*, 19 Bar.,

22; *Barhyte* v. *Shepherd*, 35 N. Y., 238; *Brown* v. *Smith*, 24
Bour.; 29 N. Y., 106.) Defendants' jurisdiction continued until
they had verified and delivered roll to the supervisor. (15 N.
Y., 318; 40 id., 516.) Defendants were not liable, as their
acts did not, in the least, change the liability of plaintiff. (See
*Weaver* v. *Devendorf*, 3 Denio, 117, and the numerous cases
there cited by BEARDSLEY, J.; *Vail* v. *Owen*, 19 Bar., 22;
*Brown* v. *Smith*, 24 id.; *Hill* v. *Selick*, 21 id., 207; *Barhyte*
v. *Shepherd*, 35 N. Y., 238; *Swift* v. *The City of Pough-
keepsie*, 37 id., 511.)

*C. O. Tappan* for the respondent. Defendants had no
jurisdiction to alter the roll, and are liable as trespassers.
(*Van Rensselaer* v. *Whitbeck*, 3 Seld., 7 N. Y., 517; *People
ex rel. Mygatt* v. *Supervisors, etc.*, 11 id., 563, 571; *Mygatt*
v. *Washburn*, 15 id., 316; *Barhyte* v. *Shepherd*, 35 id., 238,
254; *Foster* v. *Van Wyck*, 4 Abb. [N. S.], 469; *Suydam* v.
*Keyes*, 13 John., 444; *Prosser* v. *Secor*, 5 Barb., 607; *People*
v. *Supervisors of Chenango Co.*, 1 Kern., 563; *Freeman* v. *Ken-
ney*, 15 Pick., 44; *Lyman* v. *Fiske*, 17 id., 231.) Plaintiff was
not a resident in Canton when the change was made. (*Bur-
rows* v. *Miller*, 4 How., 349; *In re Hawley*, 1 Daly, 531; *Frost*
v. *Brisbin*, 19 Wend., 11, 13.) To divest an owner of title,
the statute must be strictly pursued. (*Sharp* v. *Spier*, 4 Hill,
76; *Sharp* v. *Johnson*, 4 id., 92; *Wheeler* v. *Mills*, 40 Bar.,
644.) Plaintiff was damnified, as, if the change had not been
made, he could have collected the tax on the farm of Fowler.
(*Rundell* v. *Lakey*, 40 N. Y., 513; *Graham* v. *Dunnigan*,
2 Bos., 516; *Lagernau* v. *Klophenburgh*, 2 E. D. Smith, 126.)
The striking out the evidence of the agreement between
Fowler and plaintiff was proper. (*Newkirk* v. *New York and
Harlem R. R.*, 38 N. Y., 158; *McCabe* v. *Brayton*, id., 196;
*Dunn* v. *Hewitt*, 2 Denio, 637, and cases cited; *People* v.
*Brandreth*, 36 N. Y., 191.) If such an agreement had ever
been made, it did not authorize defendants to make the change.
Not even consent would confer jurisdiction. (*Hastings* v.
*Farmer*, 4 Comst., 293; *Coffin* v. *Tracy*, 3 Caine, 129; 7

Peters, 276; *Dudley* v. *Mahew*, 3 N. Y., 9; *Beach* v. *Noxon*, 9 id., 35.) Where the direct facts in issue are established by undisputed evidence and are decisive of the cause, it is the duty of the court to direct a verdict. (*Dascomb* v. *Buffalo and State Line R. R. Co.*, 27 Barb., 228, and cases there cited; *Suydam* v. *Grand Street and Newton R. R. Co.*, 17 Abbott Pr., 364; *McBride* v. *Farmers' Bank*, 26 N. Y., 459; *People ex rel. Peck* v. *Board of Police*, 35 Barb., 651; *Goelet* v. *Ross*, 15 Abbott Pr., 251; *Porter* v. *Havens*, 37 Barb. [S. C. R.], 343.)

ALLEN, J. Assessors are not personally liable for errors or mistakes in the assessment of property, or of persons in respect to their property when they have jurisdiction and act within the scope of their powers. Their acts are so far judicial in their character that they are within the protection from personal liability accorded to those acting judicially. (*Barhyte* v. *Shepherd*, 35 N. Y., 238, and cases cited.) But they are officers exercising limited and special powers, and must see to it that they act within the scope of the authority legally committed to them. If they exceed their powers and act without authority and in contravention of the statute prescribing and regulating their duties, they are civilly liable to any persons injured by their action. The power they exercise is a statutory power, affecting the property and rights of others, and must be strictly pursued in all that is of the substance of their action. An assessment of a person over whom they have no jurisdiction, or after, by lapse of time, their power as assessors has ceased, is a wrongful act for which they are responsible in damages to the injured party. (*Mygatt* v. *Washburn*, 15 N. Y., 316, and cases cited.) The law prescribes and regulates the duties of assessors, and defines and limits their powers with precision, and by an adherence to the statute the rights of the taxpayers are protected and secured. The assessors have the months of May and June within which to make the necessary inquiries and to ascertain the names of the taxable inhabitants in their respective towns and wards,

and the property, real and personal, within their jurisdiction liable to taxation; and to prepare an assessment roll containing the names of those liable to taxation, and the property to be taxed, with its value, arranged in columns, as directed by law. (1 R. S., 390, §§ 8, 9.) The assessment must be made by the first of July, and of property and persons in respect to the liability as it exists on that day. The assessment roll must be completed and a fair copy made and deposited for examination by those interested, on or before the 1st day of August. (Id., § 19.) An individual not liable to taxation on the 1st of July could not be placed upon the assessment roll after that time; neither could a person whose name was properly on the assessment roll be assessed for property acquired by him after that day. (*People* v. *Supervisors of Chenango*, 1 Kern., 563; *Mygatt* v. *Washburn, supra.*) In the case before us, upon the assessment roll as completed and deposited on the 1st of August with one of them for examination, the plaintiff was assessed for real property which he had conveyed to one Fowler, in July, taking from the grantee a written undertaking to pay the tax that should be assessed against him in respect to that property. The statutory notice was given as required by chapter 176, of the Laws of 1851, § 4, of the deposit of the completed roll for examination, by those interested, and the opportunity was given to all who might conceive themselves aggrieved to apply for a review of the assessments, and a redress of their grievances; and the assessors had power, until the third Tuesday of August, to review their assessments. They could, within that time, revise the assessments and reduce the value of the real or personal estate, assessed on the roll against the individual complaining, and fix the value of the same as they might deem just, after a hearing of the party. (Laws of 1851, *supra*, § 6.) But they could not lawfully, during the time given for a review and a revision of the assessments as made, place upon the roll other property, or essentially or materially change the roll, by adding to the assessment of individuals other property, especially by assessing them for property acquired

after the time limited for the preparation of the roll. To add names to the roll, after the deposit for examination, or to change the character and amount of property for which individuals are assessed, is to deprive the party affected of the benefit of the notice required by statute, and the opportunity to apply for correction, which the legislature designed all persons should have, and which the persons named in the original roll have, in respect to property appearing on such original roll as assessed to them. (*Bennett* v. *City of Buffalo*, 17 N. Y., 383.) The change made by the defendants in the assessment roll, in August, was entirely without authority, and the assessment of the plaintiff for the personal property was erroneous, and the act was not judicial in its character. This would be so, even if the plaintiff had been properly taxable for the personal property. The duty of the assessors had been fully performed, when the assessment roll was completed, except in the matter of a review of the assessment as made and as permitted by statute. It is no answer to say that the plaintiff has sustained no injury. Courts cannot speculate as to probable or possible injury resulting from a departure from the statutory regulations touching the performance of official duty, in matters affecting the rights of person or property of others. Individuals may insist upon a strict compliance with the statute on matters affecting their interests, and are entitled to the notice and to an opportunity for a hearing whenever the law gives the right, and to deprive the party of a hearing, deprives him of a legal right. The arrangement between Fowler and the plaintiff, whatever it was, conferred no jurisdiction upon the assessors, and did not operate as a waiver by the plaintiff of his legal rights. He was indemnified against the tax upon the realty, and if he was bound by contract to indemnify Fowler against any tax upon personalty, that was a matter resting in contract between the parties, and the right of each one to be enforced in the usual way. The difficulty has all arisen and the defendants been placed in their present position and made liable to the plaintiff by yielding to the suggestion of Fowler, who sought

in this way to compel a specific performance of an agreement which he alleged was made, but which the plaintiff denied, and of which the assessors should have taken no notice. It is to be regretted that the defendants yielded to the solicitations of Fowler, and acted in his interest. They are made to suffer for an act done, doubtless in good faith, but without authority and in disregard of the plain provisions of law. The judgment should be affirmed.

All concur.

PECKHAM, J. concurs in result.

Judgment affirmed.