THE PEOPLE, ex rel. HARLEM G. CHAMBERLAIN, as Testamentary Trustee, etc., Respondent, *v.* JOHN G. FORREST et al., Assessors, etc., Appellants.

After the completion of an assessment-roll, and formal notice thereof given, the assessors have no jurisdiction to change either the persons or property assessed, or the adjudged valuations, except upon complaint of the party aggrieved.

The assessors of the town of Mt. M. intending to assess the relator upon personal property in his hands as trustee, at $40,000, entered it in their roll at $4,000. Before notice of the completion of the roll was given the mistake was discovered; the assessors neglected to correct it. After the roll was certified to as complete and formal notice thereof given, and after the expiration of the time allowed for such completion, but before the day for review, one of the assessors changed the assessment to $40,000, which act his associates afterward ratified and approved. The relator, upon the review day, for the first time had notice of the change; he demanded to have the assessment stricken out or restored to $4,000, which was denied. In proceedings to correct the assessment, *held*, that the mistake was not a mere clerical error, but one of pure negligence, which concerned the very substance and extent of the assessment, and that the relator was entitled to have the assessment reduced to the original amount.

*It seems* that even a clerical error, if it affects the substantial rights of a party, will not be corrected by the courts without notice to him, and that for such full and regular period as the law prescribes.

(Argued June 24, 1884; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made June 23, 1883, which affirmed a judgment of Special Term, reducing an assessment made upon the relator as trustee, etc.

This was a proceeding by *certiorari* under and pursuant to chapter 269, Laws of 1880.

*J. A. Van Derlip* for appellants.　The action of the assessors in changing the amount assessed to the relator from that appearing upon the roll at the time it was deposited for inspection and before the day appointed to hear objections was not illegal. (Laws of 1880, chap. 269, § 1 ; 1 Crary's Spec. Proc. 162.)　The valuation of property by the assessors is a judicial act. (*People* v. *Mayor, etc.,* 5 Barb. 43, 45, 46 ; *Bellinger* v. *Gray,* 51 N. Y. 610.)　At common law a *certiorari* lies only to inferior courts and officers exercising judicial powers.　(*People* v. *Mayor, etc.,* 2 Hill, 9, 12 ; *Matter of Mt. Morris Square,* id. 14.)　It does not lie to review proceedings of either a legislative, executive or ministerial character.　(*People* v. *Mayor, etc.,* 5 Barb. 43, 45, 46 ; *Matter of Mt. Morris Square,* id. 14.) The writ is not a writ of right but one in the discretion of the court.　The court must be satisfied that some substantial injury to the relator is to be prevented. (*People* v. *Mayor, etc.,* 5 Barb. 49 ; *People* v. *Supervisors of Allegany,* 15 Wend. 198 ; *People* v. *City of Rochester,* 21 Barb. 656, 664 ; *People* v. *Stillwell,* 19 N. Y. 531.) This assessment was not illegal. (*Overing* v. *Foote,* 43 N. Y. 290, 299 ; 65 id. 263.)　Where a judgment regularly declared has been wrongfully entered by the clerk or other officer it may be ordered to be corrected by the same court. (*Dalrymple* v. *Williams,* 63 N. Y. 361, 364.)

*W. A. Sutherland* for respondent.　Tax statutes, being in derogation of the rights of property, must be construed strictly. (*Sharp* v. *Spier,* 4 Hill, 76.)　Every requisite of the statute having the semblance of benefit to the owner must be strictly complied with.　(*Sharp* v. *Johnson,* 4 Hill, 92 ; *Wheeler* v.

*Mills*, 40 Barb. 644; *Curneen* v. *Mayor, etc.*, 79 N. Y. 511.) The jurisdiction of the assessors was exhausted when the roll was deposited for public inspection. (*Clark* v. *Norton*, 3 Lans. 484–488; *Same* v. *Same*, 58 Barb. 434; *Westfall* v. *Preston*, 49 N. Y. 352; *Overing* v. *Foote*, 65 id. 263.) The submission of the assessment-roll to public inspection for twenty days is intended as a notice to all concerned to show cause at the review day why the roll as prepared should not stand. (*Westfall* v. *Preston*, 49 N. Y. 352.) The defendant cannot claim that the acts and inquiries of Forrest, one of the assessors, constituted an assessment or justified him in his subsequent acts. (*People* v. *Assessors*, 11 N. Y. 563–571; *Metcalf* v. *Messenger*, 46 Barb. 325; *Youmans* v. *Simmons*, 7 Hun, 466–469; *People* v. *Stockton R. R.*, 49 Cal. 415.) It is no answer to say that the relator has sustained no pecuniary injury by this illegal tampering with the assessment. (*Clark* v. *Norton*, 49 N. Y. 248; Cooley on Taxation, 267–268.) The defendants cannot sustain their illegal assessment by claiming that the relator had property which might have been assessed, and that he and the infants he represents suffered no "injury" within the meaning of the act of 1880. (*Sharp* v. *Spier*, 4 Hill, 76.) The acts complained of cannot be justified as the correction of a "clerical error." (Laws of 1869, chap. 855; Laws of 1871, chap. 695; *People* v. *Smith*, 24 Hun, 71; *Overing* v. *Foote*, 65 N. Y. 269.)

*Jno. S. Morgan* for infant *cestuis que trust.* Under this proceeding the court has power and it is its duty to strike an illegal assessment from the roll. (Laws of 1880, chap. 269, § 4.) The assessment is illegal and entirely unauthorized by statute. (1 R. S. [7th ed.] 992, §§ 19, 21; *Overing* v. *Foote*, 65 N. Y. 263, 269, 276.) The alteration of the roll after August 1 amounted to a new assessment, as the change made is not one the assessors are authorized to make after the roll has been deposited for inspection. (1 R. S. [7th ed.] 994, § 6.) No assessment can be legally made except as inserted in the assessment-roll (1 R. S. [7th ed.] 991, § 9), therefore, the

memorandum made by one of the assessors, prior to August 1, in his private memorandum book, was no assessment. (1 R. S. [7th ed.] 990, §§ 8, 9; *People* v. *Stockton R. R. Co.*, 49 Cal. 415; *Youmans* v. *Simmons*, 7 Hun, 466; *Metcalf* v. *Messenger*, 46 Barb. 325; *People* v. *Assessors*, 11 N. Y. 563.) The assessors have no power to make any change in the completed roll except to reduce or strike out an assessment. (1 R. S. [7th ed.] 992, § 20; id. 994, § 6.) The power to make such correction, if it exists, is in the board of supervisors on the recommendation of the County Court. (Laws of 1869, chap. 855; Laws of 1871, chap. 695; *People* v. *Smith*, 24 Hun, 71; *Overing* v. *Foote*, 65 N. Y. 269.) Whether the relator has sustained damage by the change is not a question to be investigated; it is wholly immaterial. The question is one of power. (Cooley on Taxation, 267, 268; *Westfall* v. *Preston*, 49 N. Y. 352; *Clark* v. *Norton*, id. 248.) No one can exercise the right to take private property without an express grant. Statutes on this subject must be strictly construed in favor of the owner. (*Sharp* v. *Spier*, 4 Hill, 76, 81; *Sharp* v. *Johnson*, id. 92; *Wheeler* v. *Mills*, 40 Barb. 644.)

FINCH, J. We need not at present deny that assessors, after the completion of their roll and during the statutory notice of twenty days preceding the final hearing and review, may correct a mere clerical error, apparent upon the face of the roll, and which the parties interested, by mere inspection, could see was such. Thus, a mistake in the footing of several separate items, obvious to any one examining the computation, might, perhaps, be corrected in the manner adopted by the defendants in the present case. But we must go much further than that in order to sustain the appeal of the assessors. It has been decided, and is not now disputed, that after the completion of the roll, and the formal notice of that completion, assessors are without jurisdiction to change either the persons or property assessed, or the adjudged valuation of the latter, except upon complaint of the party aggrieved. (*Clark* v. *Norton*, 49 N. Y. 248; *Westfall* v. *Preston*, id. 352; *Overing* v. *Foote*, 65 id. 263.) The relator as trustee was intended to

be assessed upon personal property in his hands to the amount of $40,000. The assessors agreed upon that amount as the correct valuation, but they, or some one for them, entered it on the roll at $4,000. Before the notice was given of the completion of the roll, and while change or correction was entirely within their power, they discovered the fact of the mistaken entry. With this actual knowledge, they failed to make the change which duty required and opportunity permitted, but negligently allowed the error to remain until they themselves certified that the roll was complete and open for inspection. The notice to that effect was given on the 25th day of July, 1882, and no change in the entry was made until after August 2, 1882. After that and before the review day one of the assessors changed the $4,000 to $40,000. So far as appears, he did this at the time, without notice to the relator, or even to his associates, athough the latter afterward approved and ratified his act. And thus matters stood until the review day arrived, and then for the first time notice was given to the relator of the change which had been made. He demanded to have the assessment stricken out or restored to the original amount, $4,000, which was denied. By this process he was deprived utterly of the twenty days notice which the statute allowed him. To sustain the assessment might operate in this wise. Immediately upon the completion of the roll and publication of the fact, a tax payer examines it and finds himself assessed for $1,000 of personal property and is content. He, therefore, does not appear on the review day, but finds later that during the running of the notice the assessors had added a cipher and increased his liability ten times. If it be said in such case that he should have had notice of the change, then what warrant is there for narrowing that notice to one day when the statute awards twenty. Even a clerical error, if it affects the substantial rights of a party, is not corrected by the courts without notice to him, and that for such full and regular period as the law prescribes. Here the relator had no notice of the actual assessment charged against him until the review day arrived. The effect upon him was the same as if the change had been purposely

made with a view of taking him by surprise and giving him the least possible notice. The ground now taken is that the change was but the correction of a clerical error. It was much more than that, for it concerned the very substance and extent of the assessment. What may properly be considered a mere clerical error under the assessment laws was determined in *Matter of Hermance et al.* (71 N. Y. 485). Under the act of 1869 the boards of supervisors, on the recommendation of the County Court, were authorized " to correct any manifest, clerical, or other error in any assessments," etc. After discussing the word "manifest" the court said: "Clerical errors are mentioned to distinguish them from, and exclude errors of substance, of judgment,or of law;" and these latter were further described as " errors affecting the merits of the assessment '' and not mere errors of form. The error here, if clerical in its origin, was one which affected the substance of the assessment, and when discovered by the assessors before the completion of the roll, and still suffered to remain, became an error of pure negligence. Shall they be permitted to plead that as a sufficient reason for depriving the tax payer of the full notice which the law gives him and which is his right? That the change may have been a just one on its merits does not alter the case. That question is not here. Possibly and almost probably, every other assessment upon the same roll might have been increased during the running of the notice without compelling any one to pay a tax on what he did not have. That fact would neither justify nor excuse the unauthorized action. The assessors speak to the tax payers through their completed rolls. Those, and those only, register their judgments. What the property-owner there finds he has a right to rely upon as in truth the judgment and determination of the officers. If they may change it, with little or no notice, to correspond with some unregistered judgment and opinion known only to themselves, and so as not merely to correct a formal or non-substantial error, but so as to increase valuations and add to liabilities, there will be little of safety to the tax payer, or of utility in the rights which the statute confers.

We are of opinion that the case was properly decided, and that the judgment should be affirmed.

All concur.

Judgment affirmed.