Barnard, P. J.
As the assessment was entirely stricken from the roll as illegal, it is not necessary to examine the testimony as to the inequality of the assessment as compared with other property. The assessment was originally put down on the list as against the “estate of Mary W. Gryder.” The true owners were Duncan Cryder, Esther W. Chauncey and Mary E. Gihon. The tax was one of lS8i, and when the writ of certiorari was issued in the fall *4 of that year the assessment was to the estate of Ma,ry W. Cryder. Subsequently it was charged to one agent, the true owner by order of some court, it does not appear either by what court or when this order was made. The chairman of the board testified that “the court directed the alteration, and we made it.” The parties left the matter in this state in respect to the order. Neither party asks for the court which made the order, or upon what it was based. Such an order should be deemed established upon this state of the proof. Chapter 695, Laws of 1871, seem to give powers to the supervisors upon the recommendation of the county court to correct an erroneous assessment. There is no justice in the case of the relator. Her property was the property assessed, and it should not escape the duty of furnishing a fair proportion of the burden of taxation. Forms must be followed, but a formal error under this law can be corrected. The case of Clark v. Norton (49 N. Y., 243), was decided upon the law as it was before the law of 1871 was passed.
Assuming that the erroneous assessment can be, and was amended, then the case is not one for relief by this writ.
By the case of Trowbridge v. Horan (78 N. Y., 439), it was held that the assessment" to the estate of A. B. is not an assessment which could be enforced against the land, or in any way.
The writ by chapter 269, Laws of 1880, is based upon an assessment wfifich aggrieves the relator, and that he is, or will be, injured by the alleged illegal assessment.
It cannot be claimed that the relator is injured by an illegal or void assessment, neither is it clear that proceedifigs under this writ would reach such errors as the supervisors could amend under the statute of 1871, above cited.
The order should, therefore, be reversed, with fifty dollars costs of this appeal.
Dykman and Pratt, JJ., concur.