## WOOD *v.* McGUIRE, Registrar of Arrears, *et al.*

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

TAXATION—ERRONEOUS ENTRY—MISTAKE OF CLERK.

    W., owning a lot assessed with $2,506.64 taxes, sold a small portion of it to H., who applied for apportionment to the board of assessors. They apportioned the tax so that H. should pay $194.96, and W., $2,311.68, but the clerk of the board, in preparing the certificate of apportionment for the use of the collector, transposed the apportionment, by mistake, so as to make W. liable for only $194.96. The board corrected the mistake on the application of H., and the collector was compelled by *mandamus* to correct his books. W. obtained an order for a peremptory *mandamus* to cancel such correction. *Held*, that the order was improperly granted, and that the correction was properly made.

Appeal from special term, Kings county.

Application by Frederick Wood for a peremptory *mandamus* to cancel an entry on the record of taxes. The *mandamus* was issued, and John C. McGuire, registrar of arrears of the city of Brooklyn, and Alden S. Swan, collector of taxes of said city, appeal. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Almet F. Jenks, (William T. Gilbert, of counsel,) for appellants. Frederick P. Bellamy, for respondent.

PRATT, J. Wood's lot was originally liable for $2,506.64, taxes for 1888. It was valued at $90,000, and the tax became fixed without his complaint. He sold a little piece of it to Havemeyer, who applied for apportionment. The board of assessors apportioned this valuation and tax, $7,000, against the Havemeyer lot, with $194.96 tax, and they left $87,000 of their original valuation, and $2,311.68 of the original tax, against the part of the original lot which Wood kept. The board entered this official action on its records. Wood knew of this change, and it is fairly to be presumed, from the papers, was satisfied therewith. This was the official action which fixed the rights of the city against each lot. But when a clerk in the employ of the board came to prepare the certificate of this official action for the collector, so that he might correct his books, there was, by this clerk's mistake, a transposition of these valuations and taxes. Wood found out about this mistake, and, well knowing that it was a mistake, ran and paid, the $194.96, before the collector knew of the mistake, and before the assessors themselves discovered it. By and by Havemeyer came to pay his taxes. The error was discovered. He applied to the board to correct this mistake. The board made a new certificate, which truthfully stated its official action in the premises. The collector declined to make the change, and the city court of Brooklyn, by mandamus, required him to make the correction. The result was that Wood appears to be in arrears, and he has now obtained an order for a peremptory mandamus to cancel this change which the collector made pursuant to the judgment of the city court. We think Wood was not entitled to this order, and therefore reverse it, with costs and disbursements. This is not the case of an error in fixing valuations originally, nor in fixing taxes. They were fixed, and the taxes became a lien, long before this apportionment. There was an apportionment justly and fairly made and truthfully entered. It is charged that Wood knew of it, and never objected to it. So, too, it is charged that he knew of the error in transcription, and hurried to pay Havemeyer's tax, intending to take advantage of this error. He does not deny this charge. His attitude is really a demurrer to it. He is simply striving to evade his just share of the public burden. We think this error was purely clerical. The case is not like that of Forrest, 96 N. Y. 544. That was an error in the performance of the final official act which fixed the valuation. There was no error in that respect in this case. The error was merely in transcribing and certifying that official judgment to the collector. No harm has resulted to Wood. He has lost no rights. He did not complain of the real apportionment, and was therefore satisfied with it. He had full opportunity to assert and correct any mistake or injustice therein if he wished to allege it. But he did not allege any injustice. On the contrary, he discovered this error in his favor afterwards, and strove to take advantage of it. There is no justice or equity in his position. If he is right, then Havemeyer's tax was $2,311.68, which is an absurdity. The city court has so adjudged, and, we think, properly. If the city was bound by this error, then Havemeyer was bound by it also; and so he would have been obliged to pay $2,117.02 more than the city could, with good, clear conscience, have received or kept. Would not a court of equity have relieved him, as against the city's claim, for this unconscionable demand? If so, could a court of equity ever have relieved Wood? And yet his remedy by mandamus can be no greater than his remedy by action. This case, even if well founded, is not one where the remedy is exclusively by mandamus. It is one where the remedy by action is no answer to the remedy by mandamus. But measure of right and relief is the same under either form of remedy. Judgment reversed, with costs and disbursements.

All concur.