PEOPLE ex rel. CARMAN v. SAWYER et al., Town Assessors.

(Supreme Court, Special Term, Monroe County. December, 1893.)

1. TAXATION—TRANSFER OF PERSONALTY—NONRESIDENT.

A resident owner of bonds and mortgages, constituting the bulk of his estate, assigned them, without consideration, before July 1, on which day his taxable status became fixed, to one of his three children, a nonresident daughter. The assignment was recorded after July 1, and the assignor retained possession of the securities, and received interest on them. *Held*, that the assessment of such bonds and mortgages as the property of the assignor was proper.

2. SAME—EXEMPTION—INVESTMENTS OF NONRESIDENT.
　　Where the resident owner of mortgages purchased with his own money assigns them to a nonresident, but retains possession as agent of the assignee, they are not exempt, under Laws 1851, c. 176, providing that agents of nonresidents shall not be liable to taxation for moneys transmitted to them for purposes of investment.

Certiorari by Truman Carman to review an action of Samuel W. Sawyer and others, constituting the board of assessors of the town of Palmyra, in assessing personal property of relator.　Quashed.

H. R. Durfee, for relator.
S. B. McIntyre, for respondents.

DAVY, J.　This is a certiorari proceeding instituted by the relator, under chapter 269 of the Laws of 1880, to review the action of the defendants in assessing the personal property of the relator in the town of Palmyra, in the county of Wayne, for the year 1892.　It appears from the evidence that the relator was assessed by the town assessors for that year the sum of $5,175 for real estate and $20,000 for personal property.　The referee to whom this matter was referred to take the testimony and to report the same, with his opinion thereon, to the court, recommends that the $20,000 personal property assessed to the relator be stricken from the roll, upon the ground that the assessment is illegal.　The evidence shows that the relator, on the 15th day of March, 1892, was the owner of bonds and mortgages amounting in the aggregate to $20,000 or over, which were upon real estate located in the counties of Wayne and Monroe, and that these bonds and mortgages were assigned by the relator, on that day, without consideration, to his daughter, Jeannetta Palmer, of Chicago, Ill.; that he retained the assignments until the 29th of March, when they were mailed to her.　He also retained the bonds and mortgages in his possession until after the 4th day of July, 1892, and collected the interest on some, if not all, of them up to as late a period as the 1st of July.　The assignments of the mortgages were not recorded in the clerk's office of the county of Wayne until the 15th day of July, 1892.

The principal question which arises on this motion is whether the assessors, upon the above state of facts, had a legal right to assess the bonds and mortgages to the relator, either as principal or as the agent of his daughter.　By the provisions of the Revised Statutes, all property, real and personal, within this state, unless exempt, is liable to taxation.　1 Rev. St. p. 387, § 1.　Chapter 176 of the Laws of 1851 provides that every person shall be assessed in the town or ward where he resides when the assessment is made for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor, or administrator; and in no case shall property so held under either of those trusts be assessed against any other person.　1 Rev. St. p. 389, § 5.　The term "personal property," as defined by the Revised Statutes, includes all household furniture, moneys, goods, chattels, debts due from solvent debtors, whether on account of contract, notes, bonds, and mortgages, public stocks, and stocks in moneyed

corporations. 1 Rev. St. p. 388. The general statute law pertaining to the duties of assessors in towns and wards in all counties in this state, except the county of New York, authorizes and directs the assessors in the months of May and June in each year to make the necessary inquiries, and to ascertain the names of the taxable inhabitants and the property liable to taxation in their respective towns and wards, and to make up an assessment roll embracing such persons and property. The assessors are required to give notice on the 1st day of August in each year that the roll is complete and open for examination, and that they will meet on the third Tuesday of August and correct their assessments, and that parties aggrieved can be heard. The roll is required to be delivered to the supervisors on the 1st day of September. So that the assessors in each town and ward have until September 1st in each year to review and correct their assessments. The court of appeals, in construing this statute, has held that, notwithstanding the provisions of the act giving the assessors until the 1st day of September to review and correct their assessments, the taxable status of persons and property in the towns and wards becomes fixed on the 1st day of July in each year, and that the assessors are not clothed with power, under the statute, to enter property thereafter acquired by a taxpayer upon the assessment roll, or to change an assessment already made on account of any transfer of title. The names of the persons, and the amount and nature of the property to be assessed, must be determined upon by the assessors, and entered upon the roll, before the 1st day of July in each year. 1 Rev. St. p. 390; Clark v. Norton, 49 N. Y. 243; People ex rel. Twenty-Third St. R. Co. v. Commissioners of Taxes, 91 N. Y. 602. Reynolds, C., in the case of Overing v. Foote, 65 N. Y. 263, says: "All the cases, so far as I have discovered, agree that the assessment must be made upon the condition of facts as they exist on the 1st of July." In the case of Mygatt v. Washburn, 15 N. Y. 316, Denio, J., says: "In my opinion, the assessment should be considered as made on the 1st day of July. If there is any change of residence or ownership of property after that day, it does not affect the assessment roll." Any change which the assessors are authorized to make after that time are such as may be required to correct mistakes. In this case the defendants exercised the power devolved upon them as assessors of the town of Palmyra in the months of May and June, and adjudged that the relator was liable to assessment for the personal property consisting of the bonds and mortgages in question. The language of the statute embraces all personal property in the possession of a person or under his control as agent, trustee, guardian, executor, or administrator. The mortgages were personal property, assessable to the relator, because he either held them on the 1st day of July as his own or as the agent of his daughter. The assessment, therefore, could not, under the statute, be made to any other person. The legislature, in establishing our system of taxation, was careful to leave no doubt as to the persons who should be taxed by reason of their ownership of personal property, and those who held personal property in their representative capacity as agents or trustees. Notes, bonds, and

mortgages and other contracts for the payment of money have always been regarded and treated in law as personal property; they represent the debts secured by them. It has been repeatedly held by the courts in this state that for the purpose of taxation such property belonging to a nonresident creditor may be taxed in the place where the obligations are held by his agent. People ex rel. Hoyt v. Commissioners of Taxes, 23 N. Y. 224--228; People v. Willis,, 133 N. Y. 383, 31 N. E. 225. Judge Story, upon this subject, says:

"A nation within whose territory any personal property is actually situated has entire dominion over it while therein, in point of sovereignty and jurisdiction, as it has over immovable property situated therein." Story, Confl.. Laws, § 550.

Chief Judge Comstock, in the case of People ex rel. Hoyt v. Commissioners of Taxes, supra, says:

"I can think of no more just and appropriate exercise of the sovereignty of a state or a nation over property situated within it and protected by the laws than to compel it to contribute towards the maintenance of the government and law."

Judge Rapallo, in Williams v. Board of Sup'rs, 78 N. Y. 565,. says:

"The general rule in regard to taxation of personal property is that it is to be assessed to the owner at the place of his residence, and, but for the provision of our statute which authorizes the assessment of persons resident in this state for property held by them as trustees or agents for others, there would be no legal means of taxing the personal property of a nonresident, as there could be no jurisdiction here over the owner."

The right, therefore, of a state or town to tax real estate or personal property is based upon the control or dominion which it has over the property at the time the tax is imposed.

The learned counsel for the relator also claims that if the bonds. and mortgages were subject to taxation they should have been assessed to the relator as agent. There is always the legal presumption that public officers will properly discharge their official duties;. and if the assessors, at the time the relator made his application for the correction of the assessment roll, had discovered facts sufficient to satisfy them that the roll should have been corrected so as to have it appear that he was holding the securities as the agent of his daughter, they, no doubt, would have corrected it. Where a party claims that public officers have failed to discharge a statutory duty,.' the burden is upon him to show that such duty was not discharged. The assessors, whose duties required them to make diligent inquiry during the months of May and June for the purpose of ascertaining the taxable inhabitants of the town, and the property, real and personal, liable to taxation, must have learned that the relator had three children, and that his property liable to taxation amounted to $25,175, from which $20,000, consisting of bonds and mortgages on property in the counties of Wayne and Monroe, had been assigned without consideration to his daughter, who lived in Chicago. Ill., and that the assignments on the 1st day of July were not recorded,. and that the securities had not been delivered to her, but were retained by the relator, and in his possession. The assessors, therefore, being in possession of all these facts, could not very well escape·

reaching the conclusion that the bonds and mortgages belonged to the relator instead of his daughter, and that they were only assigned for the purpose of evading taxation.

The relator also contends that these securities were exempt from taxation, under chapter 176 of the Laws of 1851.[1]  If the assessors had reached the conclusion that the bonds and mortgages belonged to the relator's daughter, and that they were held by him as her agent, they would not even then be exempt from taxation under the statute.  The provisions of the above act were only designed and intended to protect foreign capitalists who send funds into this state for investment.  The mortgages were purchased by the relator with his own money, and not with foreign capital.  In the case of People v. Willis, supra, Judge Peckham, in referring to this statute, says:  "The foundation of the exemption consists in the fact that it is, in substance and effect, foreign capital transmitted for investment."  In my opinion, the bonds and mortgages in question were not exempt from taxation, and the assessment was legally made.  The motion to confirm the referee's report is denied, and the motion to quash the writ of certiorari is granted, with costs against the relator.

---

[1] Laws 1851, c. 176, (2 Rev. St., 8th Ed., p. 1094, § 5,) provides that "the products of any state of the United States, consigned to agents in any town or ward in this state, for sale on commission, for the benefit of the owner thereof, shall not be assessed to such agents, nor shall such agents of moneyed corporations or capitalists be liable to taxation under this section, for any moneys in their possession or under their control transmitted to them for the purposes of investment or otherwise."