(35 Misc. Rep. 599.)

### PEOPLE ex rel. SCOBELL v. KILBORN et al., Assessors.

(Supreme Court, Special Term, Onondaga County.   July, 1901.)

TAXATION—OBJECTIONS TO VALUATION—STATEMENT.
> Where a taxpayer appeared before the assessors on the review day, and insisted that his valuation should be reduced, and they, without requiring him to make the statutory statement, as required by the tax law of 1896, orally reduced his assessment to some extent, failure to file such a statement was waived.

Certiorari by the people, on the relation of Jalbert Scobell, against John Kilborn and others, assessors of the village of Cape Vincent, to review an assessment of his realty.   Defendants moved to quash the writ, which motion was denied, when they asked to have their return to such writ filed, and an order of reference under the statute. Order granted.

J. W. Cornaire, for relator.
Watson M. Rogers, for respondents.

HISCOCK, J.   Upon the proper day, and at the proper time, the relator appeared before the assessors, and verbally objected to the

valuation placed upon his property in question in Cape Vincent, stating, in substance, that the property was valued at more than it cost or was worth, and that the valuation should be reduced. He did not file a statement, under oath, specifying the respect in which the assessment complained of was incorrect, etc., as provided by the statute. He did, however, offer to be sworn and examined upon the subject. So far as appears, the assessors did not object to this method of procedure. They did not ask for any verified statement, and they did not examine the plaintiff, and subsequently they did act upon his protest and objection to the extent of reducing the valuation complained of by the sum of $500.

The objection urged to relator's proceeding, and upon which it is asked to have this writ quashed, is that he did not file such written statement. I think, however, that the conduct of the assessors, upon the occasion in question, in receiving his parol statement, and not taking his evidence, and in subsequently acting upon such proceed- ings without any objection, and reducing his assessment, was a waiver of his failure to file a written statement, which they had full power and jurisdiction to make, and that, therefore, the objection in question is not well taken. People v. Johnson, 29 App. Div. 75, 51 N. Y. Supp. 388; People v. Christie, 115 N. Y. 158, 21 N. E. 1024. The motion, therefore, to quash the writ is denied, with $10 costs, and an order of reference will be made under the statute. The parties may agree upon and submit the name of a referee, if possible; otherwise, the court will appoint one.

Ordered accordingly.