VIRGIL A. BURGER, as Commissioner, Etc., Appellant, *v.*
JOHN FARRELL, Respondent.

(County Court, Dutchess County, May, 1906.)

Highways — Road taxes and funds — Assessment of tax in general —
Penalty for non-payment.

> A resident of a town, liable to poll tax under section 53 of the
> Highway Law, is not liable to the penalty prescribed for nonpay-
> ment thereof, where his name was added to the assessment roll
> on the 14th day of December without notice to him, as, under
> section 35 of the Tax Law, the assessment roll must be completed
> on or before the 1st day of August.

APPEAL from a judgment of a justice's court in an action
to recover the penalty prescribed by law for the failure to
pay a poll tax assessment.

Harry Arnold, for appellant.

Harry C. Barker, for respondent.

PHILLIPS, J.   This action is brought to recover the pen-
alty prescribed by law for the failure to pay a poll tax as-
sessed against the defendant in the town of Hyde Park.

The action was tried in justice's court and resulted in a
judgment for the defendant, from which judgment the
plaintiff has appealed.   Section 53 of the Highway Law
provides that, in towns which have adopted the "money
system" for working their highways, the assessors are re-
quired to place upon the assessment roll the names of all
persons liable to poll tax (who are not residents of a village
within such town), and the board of supervisors are directed
to levy a tax of one dollar on each person liable to poll tax as
thus indicated.

Section 35 of the Tax Law provides that the assessors
shall complete the assessment roll on or before the first day
of August, and shall forthwith cause notice that they have

completed such assessment roll to be given; that a copy thereof has been left with one of their number at a specified place where it may be seen and examined until the third Tuesday of August, and that they will meet on that day to review their assessment. They cannot extend the time for the performance of this duty. They are required by law to complete the assessment roll and give notice thereof on or before the first day of August; if they afterward undertake to add names to the roll, their acts are simply void. It would be quite intolerable if, after having given public notice that the roll was complete, they could keep on from time to time adding names to the roll. There must be a period when, for obvious reasons of policy, the assessment roll in any given year must be regarded as complete and the duties of the assessors in that respect ended. Overing v. Foote, 65 N. Y. 263; Matter of Douglas v. Supervisors of Westchester County, 172 id. 309.

After the completion of the roll and the formal notice of that completion, assessors are without jurisdiction to change either the persons or property assessed. People ex rel. Chamberlain v. Forrest, 96 N. Y. 544.

The name of the respondent was added to the assessment roll by the assessors on the 14th day of December without notice to him; and, subsequently, a poll tax of one dollar was by the board of supervisors assessed against him.

As a general rule an illegal assessment cannot be collaterally attacked and the party aggrieved must proceed by certiorari; but this has no application where the assessors act without jurisdiction. Davies System of Taxn. 16; Browne Ass. & Taxn. 464.

The judgment appealed from is affirmed.

*Judgment affirmed.*