THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORE-WOOD REALTY HOLDING COMPANY, Respondent, *v.* JACOB A. CANTOR and Others, as Commissioners of Taxes and Assessments of the City of. New York, Constituting the Board of Taxes and Assessments of the City of New York, Appellants.

First Department, February 4, 1921.

Taxation — assessment — resolution of board of assessors of city of New York reducing assessment may not be disregarded by new board although assessment roll not changed — Greater New York charter, section 898, construed.

The board of assessors of the city of New York, although clothed with power to continue any proceedings instituted by a prior board, has no authority to disregard a resolution of such prior board entered in its minutes reducing an assessment and to confirm said assessment as originally made, although the figures on the assessment roll were not in fact changed.

Section 898 of the Greater New York charter, requiring the decision of the tax board in an application for revision to be filed within thirty days after the close of the hearing, is doubtless directory merely, and the

failure to determine an application within thirty days does not leave the board without power to act, and determinations thereafter made are of like force and effect as if made within the thirty days specified in the statute.

APPEAL by the defendants, Jacob A. Cantor and others, as commissioners, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of April, 1920, directing that the assessment on 261–267 Amsterdam avenue, block No. 1144, lot No. 1, for the year 1918, of $1,000,000, be reduced to and confirmed at the sum of $975,000.

*William H. King* of counsel [*R. M. de Acosta* and *Charles E. Lalanne* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the appellants.

*Alexander L. Strouse* of counsel [*Clarence M. Lewis* with him on the brief; *Seligsberg, Lewis & Strouse,* attorneys], for the respondent.

SMITH, J.:

The relator duly filed its objections to the assessment for overvaluation. A hearing was had before the assessors and upon December 14, 1917, a resolution was passed and entered in their minutes reducing the assessment. The figures upon the assessment roll itself were not in fact changed. Upon January first a new tax board came into office and upon January thirty-first they assumed to confirm the assessment as originally made disregarding the action of the prior tax board upon December fourteenth. The relator thereupon brought this proceeding to have the valuation of its property reduced as provided in the resolution of the first tax board upon December fourteenth. By the determination from which this appeal is taken the assessment of the relator's property was thus corrected.

The determination must be confirmed. When the first board of assessors acted upon the relator's application and passed the resolution reducing the assessment they acted judicially. The entry of the passage of the resolution, in their minutes, was the record of their judicial determination. They had no power thereafter, even if they had continued in

office, to reconsider or make any other determination. Their power is limited by the statute and when once exercised in the form of a judicial determination it ends. It would follow that the old board would not have the right to reconsider any determination made by it upon December fourteenth. We will assume that the new board is a continuing board with power to continue any proceedings instituted before the first board. Nevertheless, it was without power to change the determination which had been so recorded.

In the brief of the corporation counsel reference is made to an extract from the opinion in the case of *People ex rel. Chamberlain* v. *Forrest* (96 N. Y. 544) in which it is said: " The assessors speak to the taxpayers through their completed rolls. Those, and those only, register their judgments." In that case, however, the court was considering the then existing State Tax Law and the completed roll there referred to was a roll completed before opportunity was given to the taxpayer to present grievances. It cannot be interpreted as holding that an actual change of the figures upon the assessment roll is necessary to effectuate the judicial determination made by the passage and recording of the resolution reducing the relator's assessment.

In support of the determination appealed from attention is called to section 898 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1911, chap. 455) which requires the decision of the tax board in an application for revision to be filed within thirty days after the close of the hearing. That requirement is without doubt directory merely, and a failure to determine an application within the thirty days does not leave the board without power to act and determinations thereafter made are made with like force and effect as if made within the thirty days specified in the statute.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Dowling, Page and Greenbaum, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.