Howard T. Hogan, J.
In this proceeding under article 7 of the Real Property Tax Law, the petition asserts that the assessments for the tax year 1966 were illegal, unequal and represented overvaluation, and seeks summary judgment on the first cause of action; to wit, illegality.
*595 The facts are not in dispute and the following sequence of events appears from the moving papers. On May 1, 1965, the Board of Assessors of Nassau County completed its assessment roll pursuant to section 6-9.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd.) and caused notice of such fact to be published as required by section 606 of the County G-overnment Law (L. 1936, ch. 879, as amd.). The petitioners did not protest the assessments as they then appeared on the roll, and the 30-day protest period expired without incident.
Thereafter, and by a set of similar letters, the board notified each of the six petitioners herein that through a “ clerical error ” the assessment roll carried an incorrect assessment; that the board was revising the roll and that the new assessment would be deemed to have been protested. All of the parcels are located in Section 58, Block E, and the following changes were made:

The petitioners contend that there is no jurisdiction in the board to raise the assessments after the completion of the roll.
There are several older cases in which similar questions under similar .statutes have been presented. In People ex rel. Chamberlain v. Forrest (96 N. Y. 544) the Court of Appeals held that where a completed assessment roll indicated an assessed valuation of $4,000, the board had no right to change the figure to $40,000 prior to grievance day and without protest being made (see, also, Clark v. Norton, 49 N. Y. 243, and Overing v. Foote, 65 N. Y. 263).
In 1965 Atty. Gen. 146, the Attorney-G-eneral sets forth his opinion that: “ Except on complaint of a party on grievance day or to correct an obvious clerical error on the face of the roll, the assessments on village assessment roll may not be changed except as provided in Beal Property Tax Law § 1412.
“ The clerical errors referred to must not be of substance, of judgment, or of law.”
The county points to no statutory authority for its position that the Board of Assessors may increase the amount shown as the assessed value after the roll has been completed and *596 notice of such completion published. Moreover, section 6-24.0 of the Administrative Code provides that the Board of Supervisors, upon verified petition signed by a majority of the Board of Assessors and providing for notice to the aggrieved, may cause the correction of an error or omission in a case where property has been mistakenly placed on the roll “ at a value different from that which the board of assessors intended.” As under section 1412 of the Real Property Tax Law the Board of Assessors is not empowered to make any such change unilaterally and certainly not without a protest being filed.
The Board of Assessors is charged with the duty of properly assessing realty, compiling and completing the tax roll. It cannot thereafter raise the assessment and notify the taxpayer of a fait accompli, even with a statement that the new assessment would be deemed protested. There is no provision for such procedure and the letter of June 10 is a nullity.
Accordingly, the motion for summary judgment is granted to the extent that the assessments shall be revised to reflect the valuations set on May 1. Since these assessments were not protested, there can be no reduction from the May 1 figures on the basis of either inequality or overvaluation, and the remaining causes of action are dismissed.