In the Matter of WILLIAM D. HENDERSON, Appellant, *v.* CHARLES H. SILCO, as Assessor of the Town of Pittsford, et al., Respondents.

Fourth Department, May 20, 1971.

*Levy & Levy* (*David M. Rapp* of counsel), for appellant.

*Lines, Wilkens & Osborn* (*William T. Lehman* of counsel), for respondents.

HENRY, J. In this proceeding under article 7 of the Real Property Tax Law petitioner appeals from a Special Term

order denying his application for a review of his real property assessment. The petition alleges that petitioner duly made application in writing to the Assessor and Board of Assessment Review to have his $105,300 assessment corrected and reduced and that respondents received and acted upon his application by reducing the assessment to $94,900. Respondents' answer denies this in part but admits that as a result of informal conferences with the Town Supervisor, petitioner's assessment was reviewed by the Town Assessor and petitioner's real property was reassessed at $94,900. The answer is supplemented by an affidavit of the Town Assessor showing that notice of tentative completion of the assessment roll effective June 1, 1970 was given and notice was also given that he would meet on July 13, 14 and 15 for the purpose of reviewing the roll and examining complaints. The affidavit further alleges that petitioner did not appear on the dates specified for such review.

Petitioner submitted an affidavit in opposition to respondents' answer which alleged that on July 7, 1970 he gave the annexed written signed complaint, stating facts in support of his claim of over valuation of his property to the Town Supervisor who, on the same day, met with petitioner and the Assessor and discussed petitioner's grievance.

In specifying the contents of a petition in a proceeding to review an assessment, section 706 of the Real Property Tax Law provides that the petition must show that a complaint was made in due time to the proper officers to correct such assessment. Section 512 of the Real Property Tax Law provides that: " Complainants shall file with the assessors at any time prior to the meeting of the board of review * * * a statement, under oath, specifying the respect in which the assessment complained of is illegal, erroneous or unequal."

The petition was sufficient in all respects except that it was not verified and was given to the Supervisor instead of the Assessor. Petitioner and the Town Supervisor did, however, discuss it with the Assessor. He acted upon it in reducing petitioner's assessment and on July 29, 1970 he notified petitioner that: " We have reviewed your grievance and corrected your assessment as shown on the enclosed sheet * * *. Please be advised that the assessment placed on your property * * * has been set at $94,900."

After the tax roll was tentatively completed on or before June 24, 1970 as required by section 506 and notice of the completion was given, respondents lacked jurisdiction to change it except upon complaint of a party aggrieved. (*People ex rel.*

*Chamberlain* v. *Forrest,* 96 N. Y. 544.) Only when a complaint is filed does an assessor have jurisdiction to change an assessment and he may then correct it by making it greater than, the same as or less than the original assessment (§ 512, subd. 3). By acting on the complaint herein and correcting the assessment respondents accepted the complaint as valid. Otherwise they would have lacked jurisdiction to change the assessment. They thereby waived the claimed defects in it. (*People ex rel. Eckerson* v. *Christie,* 115 N. Y. 158, 162; *People ex rel. Irving Trust Co.* v. *Miller,* 264 App. Div. 270, 272; *People ex rel. Empire Mtge. Co.* v. *Cantor,* 190 App. Div. 512, 516, 517; *People ex rel. Congress Hall* v. *Ouderkirk,* 120 App. Div. 650, 652; *Matter of Romas* v. *Huffcut,* 39 Misc 2d 872, 873, 874; *People ex rel. City of Watertown* v. *Gilmore,* 166 Misc. 323; *People ex rel. Scobell* v. *Kilborn,* 35 Misc. 599.) The petition was, therefore, sufficient to entitle petitioner to a review of his assessment.

In denying appellant's application for a review Special Term in effect dismissed his petition. The order should be reversed and the petition reinstated.

DEL VECCHIO, J. P., MARSH, GABRIELLI and MOULE, JJ., concur.

Order unanimously reversed with costs and petition reinstated.