■ NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF ONONDAGA et al., Respondents. — Judgment affirmed, without costs. Memorandum: We vote to affirm for reasons stated by Stone, J. In addition, we note that the failure to eliminate the exemption is neither a clerical error nor an unlawful entry (Real Property Tax Law, § 550) and the provisions of section 552 of the Real Property Tax Law have no application. Concur — Dillon, P. J., Green, Moule and Schnepp, JJ.

Boomer, J., dissents and votes to reverse and grant the petition, in the following memorandum: Between May 1, 1981 and May 1, 1982 petitioner, Niagara Mohawk Power Corporation, constructed additional improvements on its real property located in the Town of Onondaga, also located in the La Fayette Central School District. On May 1, 1982 it filed with the assessor of the Town of Onondaga the required application for a partial exemption pursuant to section 485-b of the Real Property Tax Law, to the extent of 50% of the value of those improvements. The assessor granted the application and placed the exemption on the tentative assessment roll. Insofar as the assessor exempted the improvements from school taxes, he was in error. Previously, on March 23, 1982, the La Fayette Central School District had passed a resolution, as was authorized by subdivision 7 of section 485-b, "eliminat[ing] the Business Investment Real Property Tax Exemption * * * for any exemption coming into existence after the date of this resolution". Realizing his mistake, the assessor, on July 19, 1982, rescinded the exemption from school taxes. Petitioner brought this CPLR article 78 proceeding to annul the action of the assessor in rescinding the exemption. Special Term dismissed the petition. I

vote to reverse and grant the petition. Section 506 of the Real Property Tax Law requires the assessor to complete the tentative assessment roll on or before June 1 and to publish notice of such completion so that taxpayers may examine the roll and file complaints. It has been consistently held by the courts that once the roll is completed the assessor lacks jurisdiction to change the roll, except on application of the party aggrieved (*People ex rel. Chamberlain v Forrest,* 96 NY 544; *Clark v Norton,* 49 NY 243; *Westfall v Preston,* 49 NY 349; *Matter of Henderson v Silco,* 36 AD2d 439). Recognizing the lack of jurisdiction in the assessor to correct errors in the tentative assessment roll after it is filed, the Legislature has enacted comprehensive provisions for the correction of errors in the roll (Real Property Tax Law, §§ 550-555). These provisions permit the assessor to apply to the Board of Assessment Review for the correction of clerical errors or unlawful entries on the tentative assessment roll (Real Property Tax Law, § 552). Again recognizing that the assessor has no power of his own to change the tentative assessment roll after the date for completion, the Legislature recently amended section 514 of the Real Property Tax Law to require the assessor to verify that the final assessment roll "conforms *in all respects* to the tentative assessment roll with the exception of changes made by the board of assessment review and assessments made by the state board of equalization and assessment" (L 1982, ch 714, § 8; emphasis added). In recommending passage of this bill, the State Board of Equalization and Assessment concisely stated the rule: "Once the assessor has filed the tentative assessment roll, he has no authority to make any changes thereto unless they are directed by the board of assessment review or are assessments of property assessed by the State Board of Equalization and Assessment which are submitted to the assessor for addition to the roll after the roll has been tentatively filed. But for these changes, the tentative assessment roll should be identical to the final assessment roll." (Memorandum of State Executive Department State Board of Equalization and Assessment, McKinney's Session Laws of NY, 1982, pp 2533-2534.) The majority concludes that the assessor had authority to change the roll by deleting the partial assessment because the correction was not one that could be made by application to the Board of Assessment Review (Real Property Tax Law, § 552). Whether the change was one that could have been made by application to the Board of Assessment Review is immaterial. The point is that once he finally completes the tentative assessment roll, the only power the assessor has to change the roll is that expressly conferred by statute. There is no statutory provision authorizing him to make changes on his own, as he has done here. (Appeal from judgment of Supreme Court, Onondaga County, Stone, J. — art 78.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.