These are cross appeals. In the case of the same relators against the assessors of the towns of Somerset and Wilson, recently decided, we declined to review the conclusion of fact upon the question of value. It is usual for us, on a motion, to follow the determination of the courts below upon the facts, and unless this court is to become a board of assessors to settle finally disputed valuations all over the State, we must confine our review of proceedings instituted under the act of 1880, to questions of law, and to the inquiry, whether legal rules or correct principles have been violated. We have *Page 201 
several times dismissed similar appeals as involving only the discretion of the Supreme Court in dealing with the valuations of assessors. (People ex rel. O. L.C.R. Co. v. Pond, 92 N.Y. 643; People ex rel. A. G. Bridge Co. v. Weaver,
99 id. 659.) It is sought to bring to our notice errors of law by treating the reasoning and computations of the opinions as before us and insisting that no other considerations affected the conclusion reached. The orders entered show only a valuation fixed and determined. Nothing in them or in the record discloses any violation of the correct principles upon which the valuation should be ascertained, or shows that the conclusion of the court was founded solely and alone upon earning capacity. On one side a capitalization upon the basis of five per cent is criticised. But the whole process was tentative and for consideration in its bearing on the ultimate result, and not conclusive. It was an aid in determining value, and a very important one, but simply an assistance to the judgment, in connection with cost, location, feeders, and probable increase of business and the like, and no law dictates what calculations the court shall make to enlighten its own ultimate judgment. On the other hand, the opinions are searched to detect errors in arriving at net profits. But they are inquired into only as means to an end, and possibly no two minds would agree precisely as to what they were. We observe that the learned referee made up fourteen different tables of valuation showing the variation in possible methods of computation. All these were before the Special and General Terms and were doubtless considered in reaching the result. What may have induced a preference of one over another we cannot accurately know. So far as it is said that the reports of the company made under oath and as required by law should not have been considered, the answer is that they furnish almost the only available means of testing earning capacity. The assessors had a right to refer to them, and probably did, and the peculiar character of the proceeding seems to make them ex necessitate a source and means of information. To apply rigidly all the rules of evidence to such an investigation might make it fruitless. *Page 202 
Of course, the view we take of our duty may lead to the result that the same line of road will be differently valued in different towns. That is inevitable so far as assessors are concerned, and it can excite no surprise that General Terms should also differ in their valuations. Nevertheless, we shall continue to rest upon the judgment of the courts below where the value is fairly in dispute, unless we can see that elements proper to be considered have been excluded, or those not proper to be considered have been given force, or that some legal error has vitiated the conclusion. We are better satisfied with the reduced valuations now before us than with those previously affirmed, but so long as the differences are upon judgments of value merely, and where there is room for disagreement, we shall decline to interfere.
There is nothing in the objection that the writ issued to the assessors of the town of Webster came too late. No notice of the completion of the roll and its delivery to the proper officer, and stating where it could be inspected, was ever given. (Laws 1880. chap. 269, § 9.) We have recently held that the omission does not set running the fifteen days during which application may be made for the writ, and leaves it to be sued out at any time.
The orders should be affirmed without costs to either party against the other.
All concur.
Orders affirmed.