The People ex rel. James Eckerson et al., Respondents, *v.* Edward W. Christie et al., Appellants.

On appeal to this court, in proceedings by *certiorari* under the act of 1880 (Chap. 269, Laws of 1880) to review an assessment, findings of fact determining the inequality of the relator's assessment may not be reviewed, the only inquiry is as to whether there was legal evidence tending to the conclusion arrived at, and whether any errors of law affected the decision.

In such proceedings the assessment-roll was not returned, the comparison was made with all properties in the town used for a similar purpose with that in question, these being selected from the roll by stipulation of the parties; no claim was made on the hearing that these did not fairly repre-

sent the general rate of assessment, or that they furnished an inadequate basis of comparison.    *Held,* that the question could not be raised on appeal; that it was to be assumed the properties so selected did fairly represent the proportionate rate of assessment, and so served as a correct basis for comparison.

*People ex rel. Warren* v. *Carter* (109 N. Y. 576) distinguished.

On the day appointed an attorney appeared for the relators before the assessors and asked to have the assessments reduced.   The assessors referred to the statute and asked the attorney if he could testify as to the value of the property, and upon his statement that he was not sufficiently informed as to the value to testify, and they having expressed a desire to have the relator attend, the hearing was adjourned to procure his attendance; he did not appear on the adjourned day. The assessors acted upon the application and made a reduction of the assessment.   *Held,* that if an application for a reduction of the assessment was necessary, the one made having been acted upon without objection, was sufficient.

(Argued June 4, 1889; decided June 11, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, made June 25, 1888, which modified as to costs and affirmed, as modified, a judgment entered upon a decision of the court at Special Term.

These proceedings were by *certiorari* to review assessments of certain real estate belonging to the petitioner, used for brick manufacture, situate in the town of Haverstraw.   At the time specified in the notice published by the assessors for hearing grievances an attorney appeared for the petitioners before the assessors and asked to have the assessments reduced.   His testimony was to the effect that he asked the assessors if they required the application to be in writing ; that they answered it was not necessary ; that one of the assessors read the section of the statute specifying the method of procedure on application for the reduction of an assessment, and asked the attorney if he could be sworn and testify to the value of the property ; that the attorney replied that he was not sufficiently informed in reference thereto to be able to testify to anything material ; that one of the assessors stated that one of the petitioners should be there, and to procure his attendance the hearing was adjourned ; said petitioner did not appear on the adjourned

day; the assessors acted upon the application and reduced the assessments complained of $10,000. The decision of the Special Term was that the assessments complained of were of a higher proportionate valuation than other real property on the same assessment-roll, and a reduction of the assessments to amounts specified was directed.

Further material facts appear in the opinion.

*Irving Brown* for appellants. In order to obtain relief the petitioners were bound to show that valuations, generally on the whole assessment-roll, were lower proportionately than theirs; it cannot be claimed that the mere comparison of value with a few parcels, even if of the same general character, met the requirements of the statute. (*People ex rel.* v. *Roosa*, 2 How. Pr. [N. S.] 454; *People ex rel.* v. *Carter*, 109 N. Y. 576.) It is the general purpose of the statutes relating to assessments and taxations to secure an assessment on all property, real and personal, at its actual value, and they must be construed and enforced with this purpose constantly in view. (*People* v. *Comrs. of Taxes*, 95 N. Y. 554; *Hilton* v. *Fonda*, 86 id. 338; Laws of 1875, chap. 994, § 8; *Swift* v. *Poughkeepsie*, 37 N. Y. 511; *Bank* v. *Mayor, etc.*, 43 id. 186; *Buffalo* v. *Suprs.*, 48 id. 99; *People* v. *Fredericks*, 48 Barb. 173; *People* v. *Barker*, 48 N. Y. 70.) It is essential that a party assailing the validity of an assessment in these proceedings should make it conclusively appear that the method by which the assessors arrived at the result complained of was incorrect, and that the assessment does not represent the fair value of the property assessed. (*People ex rel.* v. *Davenport*, 91 N. Y. 581; *People ex rel.* v. *Comrs. of Taxes*, 104 id. 246.) In these proceedings, where the roll and affidavit are not brought up, the presumption is that they fulfilled the statutory requirement. (*People ex rel.* v. *Pond*, 13 Abb. N. C. 1; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *People ex rel.* v. *Carney*, 19 Hun, 460.) As the affidavit presented by the relator contained no positive averment, but simply stated the "opinion" and "information and belief" of the affiant, and was not

sworn to before the assessors, it was fatally defective and insufficient. (*People* v. *Suprs*, 15 Barb. 607; *People* v. *Comrs. of Taxes*, 31 Hun, 235; *People* v. *Wall St. Bk.*, 39 id. 525; *People ex rel.* v. *Commissioners of Taxes*, 99 N. Y. 254; *Ontario Bk.* v. *Bunell*, 10 Wend. 195; *People* v. *Gray*, 45 Hun, 243.) The assessment-roll having been delivered to the town clerk as required by law, the assessors had no more control over it, and are not proper parties to the writ. (*People* v. *Raddy*, 43 Barb. 539; *People* v. *Fredericks*, 48 N. Y. 173; *People* v. *Delany*, 49 id. 655; *People* v. *Comrs. of Taxes*, 9 Hun, 609; *People* v. *Bd. of Assessors*, 16 id. 407; *People* v. *Tomkins*, 40 id. 228.)

*Calvin Frost* for respondents. This court will not review the findings of fact by the Special Term, the same having been affirmed by the General Term. (*People ex rel.* v. *Hicks*, 105 N. Y. 198; *People ex rel.* v. *Haupt*, 104 id. 377; *People ex rel.* v. *Coleman*, 107 id. 545.) *People ex rel.* v. *Carter* (109 N. Y. 576), relied on by appellants, is clearly distinguishable from this — in that the comparison was with a single piece of property — in this, with several, being substantially all the brick properties of the town, agreed upon by stipulation as the basis of comparison, and no evidence was offered as to any other property. The application of relators to the assessors for a reduction of their assessment was sufficient; no proof was necessary and no examination, unless required by the assessors, and they made none. No application was necessary as the act of 1880 (Chap. 269) requires none. *People ex rel.* v. *Commissioners* (99 N. Y. 254) was well decided upon another point, and cannot be held to be an authority that any application was necessary, and besides the assessors acted on the application and proof as sufficient by reducing the assessment from $150,000 to $140,000. This view of that case was taken in *People ex rel.* v. *Hicks* (40 Hun, 598.)

FINCH, J. We are not to review the findings of fact which determined the inequality of the relators' assessment when compared with that of the other property of the town. (*People*

*ex rel. R. W. & O. R. R. Co.* v. *Hicks,* 105 N. Y. 198; *People ex rel. K. F. Ins. Co.* v. *Coleman,* 107 id. 544.) We are only to inquire whether there was legal evidence tending to that conclusion, and whether any errors of law affected the ultimate decision. The principle objection argued is that the assessment-roll was not returned, and the comparison of values was with a few pieces of property without any proof of the general rate of assessment in the town. The case relied on is *People ex rel. Warren* v. *Carter* (109 N. Y. 576), in which we held that comparison with a single lot did not show that relator was injured. In the present case the comparison was with all the brick-making properties in the town, and which were selected from the roll by a stipulation mutually agreed on. No question was in any manner raised on the hearing that these did not fairly represent the general rate of assessment, or that they furnished an inadequate basis of comparison; but, on the contrary, both parties assumed their sufficiency for the purpose intended, and all the evidence was directed to the question of relative values. At least, under the circumstances here presented, it should be presumed that the properties selected out from the roll by mutual agreement, and used without objection as the basis of comparison, did fairly represent the proportionate rate of assessment of the property of the town, and so serve as a correct basis for comparison.

We are also of opinion that there was a sufficient application to the assessors to reduce the tax, if such application was necessary to the relief which has been granted. The assessors treated it as sufficient and acted upon it without objection by reducing the assessment to the extent of $10,000. We think there was no legal error which requires a reversal.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.