(107 App. Div. 267.)

PEOPLE ex rel. LITCHFIELD et al. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, Second Department.   July 27. 1905.)

TAXATION—INEQUALITY—IMPROVED AND UNIMPROVED PROPERTY—EVIDENCE.
    On certiorari for reduction of assessment on relators' unimproved prop-erty on the ground of inequality, it appearing that their property was as-sessed higher than the other improved property, testimony of a relator, "Well, it was testified there by two ex-presidents of the board of assessors that the valuation of 70 per cent. was used in the improved property and 50 per cent. in the unimproved property," and of another witness, "I think the intention of the assessors was to get about 75 per cent.' of the actual value. * * * I have talked to some of them, and I have heard them state that some of them said they were bound on oath to"—is insufficient to show that improved property was assessed at 70 per cent. and unim-proved property at 50 per cent. of its actual value, so that under the gen-eral average relators were uninjured.

Appeal from Special Term, Kings County.

Certiorari on the relation of Edward H. Litchfield and others against Thomas L. Feitner and others, commissioners of taxes and assessments of the city of New York. From an adverse judgment and order, the assessors appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and MILLER, JJ.

George S. Coleman, for appellants.
William C. De Witt, for respondents.

MILLER, J.   The relators seek in this proceeding to obtain a reduction of their assessment, made in 1899, on the ground of i:-quality.   It appeared that there was a marked increase in assessment of the relators' property over the assessment of prior year, and that the ratio of increase in such assessment greatly in excess of the ratio of increase in the assessment of entire property of the ward.   Comparison was made with a 1 number of parcels of similar character so selected as to be f: ly illustrative of the assessment generally on that class of property, from which it appeared that the assessment of the relators' prop-erty was on an average 26 per cent. higher than that of other prop-erty of like character on the tax rolls, and the referee has so found. No evidence was offered on the part of the appellants, but the point is now made that the evidence disclosed that the assessors had assessed improved property on the basis of 70 per cent. of its value, and unimproved property (to which class the relators' be-longed) on the basis of 50 per cent. of its value, and that the

average assessment of the two combined was higher than that placed on the relators' property; from which it is argued that the relators are not aggrieved, and that they have not shown that they have been injured or compelled to pay more than their due share of the aggregate tax. In effect, the claim is that the assessors have violated their oaths and committed perjury in respect to the assessment on both classes of property, and that, although they have dealt unfairly with the relators' as compared with property of the same class, they have dealt so much more unfairly with the owners of improved property that on the average the relators have not been harmed. It is undoubtedly the rule that, in order to succeed in this proceeding, it was incumbent upon the relators to show that their own assessment was unequal as compared with valuations generally on the same roll (People ex rel. Warren v. Carter, 109 N. Y. 576, 17 N. E. 222; People ex rel. Eckerson v. Christie, 115 N. Y. 158, 21 N. E. 1024; People ex rel. Allen v. Badgley, 138 N. Y. 314, 33 N. E. 1076) ; but, in order to show that it was obviously necessary to compare with property of the same class, and if comparison was made with a sufficient number of parcels to show that the assessors have applied a different rule to the assessment of the relators' property from that applied generally to property of the same class, a prima facie case of inequality of assessment was established, and it was then incumbent upon the appellants to establish that the relators have not been injured before they can be heard to raise the question. The finding of the referee that the relators' property has been assessed at an average of at least 26 per cent. higher than the other property of like character on the tax rolls of the borough of Brooklyn and on all the tax rolls of the city of New York is justified by the evidence, and is ample to support the judgment appealed from. No claim is made on this appeal that it was necessary to compare the valuations placed on the relators' property with that placed on property other than such as was located in the same ward, and the appellants limit their contention to the point stated.

There is no finding to the effect that the rule adopted by the assessors generally was to assess improved property at 70 per cent. of its real value and unimproved property at 50 per cent., and the claim that the uncontradicted evidence establishes that such was the rule is based on the statements of the relator Edward H. Litchfield and one other witness. The relator testified: "Well, it was testified there by two ex-presidents of the board of assessors that the valuation of seventy per cent. was used in the improved property and fifty per cent. in the unimproved property." The other witness testified in answer to a question in respect to the rule of assessing improved property, as follows: "I think the intention of the assessors was to get about seventy-five per cent. of the actual value. * · * * I have talked to some of them, and I have heard them state that some of them said they were bound on oath to." We think this evidence is hardly sufficient to convict the assessors of the crime of perjury, and it is evident from the opinion of the learned referee that he thought it fell far short of

establishing the fact relied upon by the appellants. Of course, the assessors are not required to assess property at the highest price for which it can be sold under the most favorable circumstances, and in valuing property for purposes of taxation it is entirely proper for them to take into account the situation of the property and all of the attending circumstances, whether it is improved or unimproved, productive or unproductive; but of course, having determined the real value of unimproved property, it is their duty to assess accordingly, and, if it appeared in this case that they arbitrarily assessed improved property at 70 per cent. and unimproved property at 50 per cent. of the real value so determined, and that the general average left the relators uninjured, a different question would be presented. But the evidence does not establish this, and the appellants are therefore in the position of urging a proposition which, so far as the evidence and the findings are concerned, is not involved in the case. This conclusion renders it unnecessary to consider the effect of section 906 (Laws 1897, p. 324, c. 378) of the charter, as amended by chapter 466, p. 386 of the Laws of 1901.

The order and judgment should be affirmed.

Judgment and order affirmed, with $10 costs and disbursements. All concur.