(56 Misc. Rep. 300.)

PEOPLE ex rel. VICTORIA PAPER MILLS CO. v. SUMMERVILLE et al.

(Supreme Court, Special Term, Onondaga County.   November, 1907.)

TAXATION—ASSESSMENT—REVIEW—REDUCTION.

In proceedings to review an assessment, a referee was appointed who reported his findings as to the value of the property and the amount of the assessment on three other parcels of real estate. Held that, where from the evidence the court can infer that inequality in the assessment of the relator's property exists in comparison with other parcels in general, the court may order such reduction as seems just.

Action by the people, on relation of the Victoria Paper Mills Company, against Fred Summerville and others. Motion to confirm referee's report, and for an order reducing an assessment on the property of the relator.

Piper, Rice & Wilson, for the motion.

H. J. Fanning and F. G. Spencer, opposed.

ANDREWS, J. An order should be entered herein correcting the assessment of the property of the relator upon the assessment rolls of the city of Fulton for the year 1906, by reducing the same from the sum of $100,000 to the sum of $60,000, on the ground that such assessment was unequal in that it was made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, and that the relator was injured thereby. The relator should also be awarded his costs herein against the city of Fulton and $100 extra allowance. A writ of certiorari was heretofore allowed to review the assessment made for the year 1906 upon the property of the Victoria Paper Mills Company. A return to such writ was duly made; and upon the hearing, it appearing that testimony was necessary for the proper disposition of the matter, a referee was appointed to take evidence and to report it to the court with his findings of fact and conclusions of law. A hearing was had, and the matter comes again before the court upon the referee's report and the evidence taken by him.

He finds, upon sufficient evidence, that at the time of the assessment the value of the relator's property was $120,000, and that it was assessed at $100,000. On the same roll, assessed by the same officers, was property of the Hunter Arms Company, worth $250,000, and assessed at $100,000, of the firm of Dilts & Bennett, worth $20,000, and assessed at $9,250, and of the American Woolen Mill, worth $865,000, and assessed at $259,850; and he holds that the assessment of the relator's property was unequal as it was made at a higher proportionate valuation than the assessment on the three properties mentioned. These findings by themselves do not justify an order such as is asked for in this case. The mere fact that the relator can point out one or three or five instances where property has been assessed at a smaller proportion of its true value than has been done with regard to its property does not necessarily show that it has been injured. The burden is upon it to show that this inequality is general; in other words, that it is to be required to pay more than its just proportion of the aggregate tax. People ex rel. Warner v. Carter, 109 N. Y. 576, 17 N. E. 222; People ex rel. Litchfield v. Feitner, 107 App. Div. 267, 95 N. W. Supp. 10; People ex rel. Fiske v. Feitner, 95 App. Div. 217, 88 N. Y. Supp. 694; People v. Feitner, 95 App. Div. 481, 88 N. Y. Supp. 774. But, although there is no such finding in the report of the learned referee, the order need not necessarily be denied. The reference was not one to hear and determine, but to take the evidence and report it to the court, with findings of fact and conclusions of law. It was merely to inform the conscience of the court, which can adopt the referee's findings or disregard them and draw its own conclusions from the evidence. Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572.

The evidence shows that while there are 2,417 parcels of real estate upon the tax rolls of the city of Fulton, but 82 are owned by corporations, and only about 27 are manufacturing plants. Three of these are assessed at 40 per cent., 46¼ per cent., and 31 per cent., respectively, of their actual value, while the relator's is assessed at 83⅓ per cent. The relator offers no proof as to other parcels; but, in view of the great discrepancy shown to exist in these instances, in view of the

failure of the defendants to give evidence on the subject, in view of the reasons given by them for assessing the relator's property at the amount fixed by them, the referee would have been justified in finding, and this court has come to the conclusion, that the inequality complained of is general, and that, unless corrected, the relator will be required to pay more than its just proportion of the aggregate tax. People v. Christie, 115 N. Y. 158, 21 N. E. 1024.

As regards the amount of the reduction to be made, the referee has been sufficiently liberal to the defendants. A proper order may be prepared and settled on due notice.

Ordered accordingly.