512 People ex rel. Empire Mortgage Co. *v.* Cantor.

First Department, January, 1920. [Vol. 190.

---

The People of the State of New York ex rel. Empire Mortgage Company, Respondent, *v.* Jacob A. Cantor and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

First Department, January 16, 1920.

**Tax — city of New York — sufficiency of application for revision of assessment — waiver of objection to sufficiency by proceeding to hear claim on merits.**

The only things necessary to the exercise of jurisdiction by the commissioners of taxes and assessments of the city of New York to hear and determine complaints in relation to an assessment under section 895 of the Greater

New York charter is that within the time specified in the statute a complaint in writing stating the grounds of the objection be presented to them; *the form of the complaint, the particularity with which the property* shall be described or the objections specified, are matters of procedure and do not go to the jurisdiction.

The rule that technical objections to the form or sufficiency of pleadings are waived, if not taken in advance, by proceeding to hear the case upon the merits, applies to proceedings before tax commissioners to have an assessment revised.

Accordingly where an application to have an assessment revised is referred to a deputy commissioner for the purpose of re-examination, and a hearing had on the merits without objection at any time to the form or sufficiency of the application, reassessment cannot be denied on the sole ground that the application was insufficient.

APPEAL by the defendants, Jacob A. Cantor and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1919, as resettled by an order entered in said clerk's office on the 2d day of June, 1919, denying defendants' motion to quash a writ of certiorari to review a tax assessed upon real property.

*William H. King* of counsel [*Charles E. Lalanne* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellants.

*Henry de Forest Baldwin* of counsel [*Franklin Grady* with him on the brief; *Lord, Day & Lord,* attorneys], for the respondent.

PAGE, J.:

The relator was the owner of two tracts of land which on the tax maps of the city of New York were divided into separate blocks and lots and each lot was separately assessed. The Greater New York charter (Laws of 1901, chap. 466, § 892, as amd. by Laws of 1911, chap. 455) prescribes from October first until November sixteenth as the time within which the tax books were to be kept open for examination and correction. On October 19, 1917, the relator filed with the department of taxes and assessments applications in writing, duly verified, claiming that the assessed valuation of each of the tracts of land was erroneous by reason of overvaluation.

In these applications the above tracts were respectively described and the block and lot numbers were stated and the assessed valuation of the total of the assessments of the tracts was given. The amount of the claimed overvaluation was specified and the reasons given for the claim and a hearing was requested. These applications were received by the commissioners and referred to the deputy tax commissioner who made the assessment to re-examine the properties and report. The deputy tax commissioner reported that the valuations were fair and equitable except as to two of the lots on which he reported reductions in the assessments might be made.

On December 7, 1917, notice was given that a hearing on the applications would be held on December 13, 1917. The agent of the relator appeared before one of the commissioners and the deputy commissioner who made the assessment, and offered to testify. The commissioner stated that the matter was of so much importance that his board, which was going out of office at the end of the year, would take no action but would leave the decision of the applications to the incoming board. Upon the agent's statement that he desired to reserve all the rights in the matter, the commissioner stated that they would promise to put the case down for another hearing before the new board. Notice of such subsequent hearing was given, and a hearing had before one commissioner and the deputy on January 16, 1918. The agent appeared and offered to testify and give evidence, and argued from sales in the neighborhood which his corporation had made that the valuation was escessive. The commissioner said he understood their story and would consider the matter. No reference was at any time made to any alleged informality in the written applications. The commissioners refused to reduce the assessment. In their return the commissioners gave the following as the reason for their decision: That it did not appear that the person who signed and verified said applications and who was present at the hearing before the board was a real estate expert or was qualified to judge the land or improvements or knew anything as to the value of real estate in general in the city of New York; that it appeared that the applications were not made in accordance with the Tax Law and the New York charter, in that they failed to state wherein the respective assessments upon the lots

were incorrect and instead of stating the assessments separately for each parcel and the alleged value thereof, stated the total assessment and the total alleged value of all the lots; that the board was unable to consider any specific objection to any assessment as made; that application blanks had been prepared by the department expressly requiring that a separate application be made for each block and that the facts and claims be stated separately for each lot, and that such blanks were used by the applicant, the various lots and blocks were grouped thereon by the applicant and only total assessments and total alleged values of all the lots were stated and the material questions thereon respecting each lot were not answered. " That we accordingly decided that the evidence and claims before us did not warrant the conclusion that any of the said assessments were erroneous, and, on the contrary, in view of the reports of the deputies and upon our knowledge and information concerning the lots, we concluded that the respective assessments thereon were fair and equitable and we thereupon confirmed the assessments."

The sole question presented on this appeal by the learned assistant corporation counsel relates to the form of the applications for revision of the assessment in that they failed to comply with sections 37 and 290 of the Tax Law (as amd. by Laws of 1916, chap. 323) and section 895 of the Greater New York charter (as amd. by Laws of 1913, chap. 324) which he claims require the filing of application for revision of the assessment of each separately assessed parcel as a condition of maintaining certiorari proceedings, and that this is a jurisdictional requirement. It is doubtful whether section 37 of the Tax Law applies to the revision of assessments in the city of New York, for the time of completing the assessment rolls, the dates during which the rolls would be open for inspection and the time fixed for the reviewing of assessments, prescribed by section 36 *et seq.* of the Tax Law (as amd. by Laws of 1916, chap. 323), are in conflict with the provisions of the Greater New York charter. It is well settled that where a general law conflicts with a special local law on the same subjects the latter applies in the locality. But waiving this question, section 37 of the Tax Law prescribes no form of complaint. It provides: " The assessors shall meet at the time and

place specified in such notice, and hear and determine all complaints in relation to such assessments brought before them." Section 895 of the Greater New York charter provides: " During the time that books shall be open to public inspection as aforesaid application may be made by any person or corporation claiming to be aggrieved by the assessed valuation of real or personal estate, to have the same corrected. If such application be made in relation to the assessed valuation of real estate, it must be made in writing, stating the grounds of objection thereto.   The board of taxes and assessments shall examine into the complaint, as herein provided, and if in their judgment the assessment is erroneous they shall cause the same to be corrected."   The section further fixes the period from November fifteenth to January thirty-first as the time when the commissioners may act upon applications, examine applicants under oath and take testimony for the reduction of assessments upon real property.   An assessment of a tax is invalid unless an opportunity to object thereto and to be heard on the objection is afforded.   Therefore, the commissioners of taxes and assessments are given jurisdiction to hear and determine such objections.   The only things necessary to the exercise of that jurisdiction are, that within the time specified a complaint in writing stating the grounds of the objection be presented to them.   The form of the complaint, the particularity with which the property shall be described or the objections specified, are matters of procedure and do not go to the jurisdiction. If the commissioners deemed the application to be insufficient in form they could have refused to act upon it.   They deemed it sufficient for the purpose of action for they referred it to a deputy tax commissioner to re-examine the property and report upon the facts of the objection.   They set a time for a hearing on the application, and adjourned the hearing to a subsequent time. Notice of a second hearing on the objections was sent, and a hearing had.   At no time was objection made that the application was not in proper form or that the statements therein contained were not sufficient.   The commissioners who held the hearing did not take testimony under oath.   On such a hearing the rigid rules of evidence do not apply; they may take the unsworn statement of an agent or attorney.   (*People ex rel. Rome, W. & O. R. R. Co.* v. *Hicks,* 105 N. Y. 198; *Matter*

*of Corwin*, 135 id. 245, 251.)   There was, therefore, a hearing had upon the merits of the application.   It is well settled that technical objections to the form or sufficiency of pleadings are waived, if not taken in advance, by proceeding to hear the case upon the merits.   This rule applies to proceedings of this nature before tax commissioners.   (*People ex rel. Eckerson* v. *Christie*, 115 N. Y. 158, 162; *People ex rel. New York & Rockaway Beach R. Co.* v. *Tax Comrs.*, 157 App. Div. 496, 498; affd., 209 N. Y. 599; *People ex rel. Western Railroad Corp.* v. *Assessors of Albany*, 40 id. 154, 157.)   If the objection had been made at the time of the filing of the application it could have been cured.   " Justice and fairness required as much as that, on the part of the respondent, and the obligation would, doubtless, have been carefully observed, if any such objection had been intended."   (*People ex rel. Western Railroad Corp.* v. *Assessors of Albany, supra*, 158.)

These parcels each consisted of one tract appropriated first to the use of a private residence with outbuildings and the other to that of an inn with outbuildings appurtenant thereto. The objection that the relator urged before the tax commissioners was that taken as a whole the assessed valuation exceeded the market value of the property.   Reference was made to the block and lot numbers and the total assessed valuation given. The books of the commissioners showed the details of these assessments and if they intended to require these details to be specifically set forth, they should have made such objection at the time the applications were filed with them.   By proceeding to hear the objections specified, they waived objections to the sufficiency of the application.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.