FRANK H. HENRY, Doing Business under the Firm Name of HENRY & LEE, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY and Another, Respondents.

First Department, March 2, 1923.

Railroads — action to recover damages to goods in transit — Director-General of Railroads appointed after action begun may be substituted as defendant, though motion not made within one year of his appointment — Jurisdictional Act of February 8, 1889, not applicable — Federal Control Act, § 10, and Transportation Act, 1920, § 206, construed.

In an action to recover damages to goods in transit, the Director-General of Railroads appointed after the action is begun may be substituted as defendant, though the motion therefor is not made within one year after his appointment as Director-General.

Section 10 of the Federal Control Act and section 206 of the Transportation Act, 1920, prevent the application to this action of the Jurisdictional Act of February 8, 1889 (30 U. S. Stat. at Large, 822, chap. 121; U. S. Comp. Stat. § 1594), which provides that an action against the head of any department or bureau or other

officer of the United States in his official capacity shall not abate by reason of his resignation, etc., and that a motion for substitution may be made within twelve months after the appointment of his successor.

Appeal by the plaintiff, Frank H. Henry, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of November, 1922, denying his motion to substitute James C. Davis, Director-General of Railroads, as agent, under section 206 of the Transportation Act of 1920, *nunc pro tunc,* as of the date of his appointment by the President, in the place of the defendant John Barton Payne.

*Slayton & Jackson* [*G. Noyes Slayton* of counsel], for the appellant.

*Evan Shelby* [*Walter H. Merritt* with him on the brief], for the respondent James C. Davis, Director-General of Railroads, as agent, under section 206 of the Transportation Act, 1920.

Finch, J.:

The action was brought to recover the value of certain goods damaged while in the custody and possession of the New York Central Railroad Company while under Federal control, and the action is one which, prior to Federal control, could have been brought against the carrier.

At the time the action was commenced, on or about December 18, 1919, Walker D. Hines was Director-General of Railroads, and he was named as a party defendant. On or about the 26th of June, 1920, John Barton Payne, Director-General of Railroads, as agent, was substituted by order of this court in place of Walker D. Hines as Director-General of Railroads, pursuant to section 206 of the Transportation Act, approved February 28, 1920. Under the same provision of said Transportation Act, James C. Davis, Director-General of Railroads, was designated as agent on March 28, 1921, succeeding John Barton Payne, who on that date resigned. The motion at bar was made in November, 1922, more than one year after March 28, 1921, when James C. Davis was appointed, and was opposed by James C. Davis, Director-General of Railroads, as agent, upon a special appearance, objecting to the jurisdiction of the court to make such substitution, on the ground that the same was not moved within a period of twelve months following his designation, and, therefore, that under section 1594 of the United States Compiled Statutes the action had abated. Upon that ground the motion was denied by the Special Term.

The Jurisdictional Act of February 8, 1899 (30 U. S. Stat. at Large, 822, chap. 121; U. S. Comp. Stat. § 1594) reads as follows: " No suit, action, or other proceeding lawfully commenced by or against

the head of any Department or Bureau or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office, but, in such event, the Court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office, and the Court may make such order as shall be equitable for the payment of costs."

Section 10 of the Federal Control Act (approved March 21, 1918) provides as follows: " Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government."    (40 U. S. Stat. at Large, 456, § 10.)

Section 206, subdivision a, of the Transportation Act, 1920, (approved February 28, 1920) provides as follows: " Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916)* of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose,   *   *   *."    (41 U. S. Stat. at Large, 461, § 206, subd. a.)

It seems clear that said section 10 of the Federal Control Act, incorporated by reference in the said Transportation Act, 1920, and the provisions of the Transportation Act, 1920, to which attention is hereinafter called, prevent the provisions of the said section 1594 of the United States Compiled Statutes being availed of as a bar to the maintenance of this action.    If no Federal control had intervened, the transportation company would have been the sole defendant, and said section 1594 would have had no application. The benefit of said section 1594 can be claimed only " upon the ground that the carrier is an instrumentality or agency of the Federal Government."    Said section 10 of the Federal Control Act expressly prohibits the setting up of such claim by way of defense to " any action at law or suit in equity against the carrier."    Said section 10

---

* See Federal Control Act. 40 U. S. Stat. at Large, 451, chap. 25, and Id. 456, § 9; Army Appropriations Act, 1916, 39 id. 619, 645, chap. 418, § 1.— [REP.

has been construed as intended to preserve to the public the rights and remedies against common carriers which it enjoyed at the time the railroads were taken over, except in so far as such rights or remedies might interfere with the needs of Federal operation. Substantial legal rights of persons having dealings with the carriers were not to be affected by the change of control. (*Missouri Pacific R. R. Co.* v. *Ault*, 256 U. S. 554; *Hines* v. *Dahn*, 267 Fed. Rep. 105; *Westbrook* v. *Director-General of Railroads*, 263 id. 211; *Postal Telegraph-Cable Co.* v. *Call*, 255 id. 850.) Furthermore, the whole structure of said Transportation Act, 1920 (41 U. S. Stat. at Large, 456, chap. 91), appears to show a purpose on the part of the Congress to prevent any application of said section 1594, or the creation of any defense not going to the merits based upon the temporary taking over of the carriers by governmental control. Said section 206, subdivision a, of the Transportation Act, 1920, a portion of which has been hereinbefore quoted, provides that valid claims, which have not theretofore been put in suit, may be brought within two years of the date of the passage of said Transportation Act, 1920. As to claims upon which suit has been brought, subdivision " d " of said section expressly provides that they shall not abate by reason of the termination of Federal control, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision a. (Transportation Act, 1920 [41 U. S. Stat. at Large, 462], § 206, subd. d.) It is to be noted that this latter subdivision fixes no time within which such substitution may be made, and expressly guards against an abatement, because of the change from Federal control to control of the carrier. It would be incongruous to hold that, while the Congress provided for the non-abatement by reason of the change from governmental control to a return of the carrier to its owners and the appointment of an agent by the President, it yet made a distinction between successive agents who might be appointed to succeed one or another because of the death or resignation of their predecessors. To support the claim of the successor agent in the case at bar would be to read into the act a limitation of twelve months for claims already asserted and which were awaiting disposition by the courts, while at the same time the act provided a two-year limitation for claims which had not yet even been asserted at the time of the passage of the Transportation Act, 1920. In so far as the language of said section 1594 may be held to be in conflict with the later enactments of the Federal Control Act and the Transportation Act, 1920, well-settled principles of statutory construction apply to hold that when, as here, a later statute has been enacted

to cover a particular phase of a subject based upon conditions which had no conception at the time of the passage of the earlier statute, the particular subject-matter of the later statute must be considered withdrawn from the general terms of the prior statute. (*Jackson* v. *Cravens,* 238 Fed. Rep. 117; *People ex rel. Empire Mortgage Co.* v. *Cantor,* 190 App. Div. 512, 515.)

Respondent relies upon certain recent decisions of the United States Supreme Court, wherein the court dismissed for want of jurisdiction (*Payne* v. *Industrial Board of Illinois,* 258 U. S. 613; *Payne* v. *Stevens,* 257 id. 642; N. Y. L. J. Dec. 13, 1922), and in another instance ( *United States Railroad Administration* v. *Slatinka,* —— U. S. ——; N. Y. L. J. Jan. 11, 1923; decided January 8, 1923) denied a petition for a writ of certiorari, " because case abates for failure to substitute successor of petitioner within one year after petitioner vacated office." It is to be noted that in each of these cases, no substitution of the successor agent having been made, the latter was not before the court. Furthermore, in each of these cases, the party seeking affirmative relief was the successor agent, and it was not a case where the relief was sought by a plaintiff against the carrier, so that the express language of section 10 of the Federal Control Act and of section 206 of the Transportation Act, 1920, did not apply, and the only statute which could be held applicable was said section 1594 of the United States Compiled Statutes. Said section 1594 was originally enacted to mitigate the hardship arising from the abatement of a cause of action growing out of the death, expiration of term, retirement, resignation or removal from office of an officer of the United States whose delinquency was personal and " did not involve any charge against the Government whose officers they were. A proceeding against the Government would not lie." (*Thompson* v. *United States,* 103 U. S. 480, 484, 485.) The Supreme Court of the United States, in a case decided on March 21, 1898, said: " In view of the inconvenience, of which the present case is a striking instance, occasioned by this state of the law, it would seem desirable that Congress should provide for the difficulty by enacting that, in the case of suits against the heads of departments abating by death or resignation, it should be lawful for the successor in office to be brought into the case by petition, or some other appropriate method." ( *United States ex rel. Bernardin* v. *Butterworth,* 169 U. S. 600, 605.)

Following this, said act of February 8, 1899 (30 U. S. Stat. at Large, 822, chap. 121) came into being, and is also known as section 1594 of the United States Compiled Statutes. Assuming, however, that because of the recent decisions above noted, it has been held that the words of said section apply to the Director-General of

Railroads and the Director-General as agent under the Transportation Act of 1920, still the reasons heretofore advanced for not holding said section applicable by way of defense in suits instituted against the carrier would still be applicable.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.