SANFORD RAFSKY, an Infant, by His Guardian ad Litem, JACOB RAFSKY, and JACOB RAFSKY, Appellants, v. THE CITY OF NEW YORK, Respondent, and JIMMIE O'MARA, Defendant.— Action to recover damages for personal injuries sustained by an infant and for loss of services and expenses by his father, which injuries were sustained when the infant plaintiff was struck by a horseshoe thrown by a life guard in the employment of defendant City of New York, at a public beach. Order setting aside the verdicts of a jury as against the defendant City of New York and dismissing the complaint as against that defendant reversed on the law, motion denied, and verdicts reinstated. Judgment, in so far as appealed from, modified so as to strike therefrom the dismissal of the complaint as against the defendant City of New York and by providing in lieu thereof that the infant plaintiff have judgment against the City of New York in the sum of $4,000 and costs, and that plaintiff Jacob Rafsky have judgment against the City of New York in the sum of $1,000, and as so modified, the judgment is unanimously affirmed, with costs to the appellants. The defendant, City of New York, in its corporate capacity, is charged with the duty of exercising ordinary care in the supervision and maintenance of the public beach. (*Augustine* v. *Town of Brant*, 249 N. Y. 198; *Collentine* v. *City of New York*, 279 id. 119; *Van Dyke* v. *City of Utica*, 203 App. Div. 26; *Peterson* v. *City of New York*, 267 N. Y. 204; *Curcio* v. *City of New York*, 275 id. 20, 23; *Fritz* v. *City of Buffalo*, 277 id. 710.) Even though the life guard, in pitching horseshoes, was acting without the scope of his employment, the city is, nevertheless, liable if it had such knowledge as would permit a reasonably prudent person to anticipate the life guard's act and was enabled but failed to prevent the life guard from so doing, the horseshoe pitching occurring at the place of the employment. (Restatement of the Law of Torts, § 317; *Swinarton* v. *DeBoutillier*, 7 Misc. 639; affd. without opinion, 148 N. Y. 752; *Ford* v. *Grand Union Co.*, 268 id. 243.) In the light of the fact that there was proof adduced on behalf of plaintiffs to the effect that the life guard and others had been pitching horseshoes at the public beach daily for two weeks prior to the time of the accident, that a chief life guard had been apprised of this condition prior to the day of the accident, and on the very day of the accident, and that it was undisputed that the City's foreman who supervised the life guard had, prior to the time of the accident, received a complaint about the latter's horseshoe pitching proclivities, a question of fact was presented for the jury's consideration. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.