In the Matter of the Application of PURITY CO-OPERATIVE BAKERY ASSOCIATION, INC., Petitioner, for a Reduction of 1940 Assessment Rolls as to 516–520 Harrison Street.

COMMISSIONER OF ASSESSMENTS OF THE CITY OF SYRACUSE, Respondent.

Supreme Court, Onondaga County, September 7, 1940.

*Gerber & Winkelstein* [*Warren Winkelstein* of counsel], for the petitioner.

*James C. Tormey, Corporation Counsel* [*George Driscoll* of counsel], for the respondent.

CREGG, J. This is a motion by the commissioner of assessments of the city of Syracuse to dismiss an order to show cause why the

1940 assessment made by the city and levied against petitioner's property located at 516–520 Harrison street should not be reduced. The notice of protest was acknowledged but not verified.

The grounds of the motion are that the petitioner failed to comply with section 117 of the Charter of the City of Syracuse (Syracuse Local Laws of 1935, No. 7, as amended by Local Law No. 11 of the Syracuse Local Laws of 1938), in that the notice was not under oath and, therefore, the court has no jurisdiction of the proceedings. The law provides in part as follows: " Each complainant shall file with the commissioner a statement, under oath, specifying the respect in which the assessment complained of is incorrect."

Petitioner contends that this court has a right to permit the notice of protest to be amended. The relief afforded the petitioner is statutory and in order to gain such relief the statute must be complied with. There is no power in the courts to amend that statutory provision. The courts cannot give life to an inert document. (*Rockwell* v. *City of Syracuse*, 282 N. Y. 17; *Matter of Passero & Sons, Inc.*, 237 App. Div. 638; *People ex rel. Schwarz* v. *Miller*, 256 id. 956; *People ex rel. Laurelton Development Co., Inc.*, v. *Purdy*, 190 id. 957; *People ex rel. Grossman* v. *Goldfogel*, 219 id. 68.)

Petitioner also contends that the respondent retained the notice and acted upon the complaint contained therein and thereby waived any and all defects. In view of that contention, this court decided to take testimony on the question of waiver only. The evidence taken clearly shows that the deputy commissioner in charge of the district wherein the property in question is located, considered the notice of protest, acted upon it, and refused to reduce the assessment.

In my opinion, the commissioner is now estopped from repudiating the actions of his deputy, who was duly authorized to act. That in effect constitutes a waiver. (*People ex rel. Eckerson* **v.** *Christie*, 115 N. Y. 158.)

Motion to dismiss proceedings is denied.