ANNA McCRINK, as Administratrix of the Estate of FRANCIS J. McCRINK, Deceased, et al., Respondents, v. CITY OF NEW YORK, Appellant.— On January 3, 1943, one Anderson, a member of the police force of defendant for twenty years, then off duty and in civilian clothes, while intoxicated, shot and killed one Frank McCrink and seriously wounded the individual plaintiff with his service revolver. These are consolidated actions to recover damages, by the administratrix for personal injuries sustained by her intestate and for his wrongful death, and by the individual plaintiff for personal injuries. Judgment for plaintiffs reversed on the law and the facts, without costs, and the complaints dismissed on the law, without costs. Police Department records show that Anderson had been guilty of departmental offenses on twenty occasions, inclusive of three charges of intoxication, and had sustained contusions, lacerations and sprains not in the line of duty on ten occasions. No proof was adduced of any vicious propensities on the part of Anderson prior to January 3, 1943, save that it appears that on one occasion in 1936, the basis of one of the intoxication charges, a woman had complained to police officers of the presence at a street corner of an intoxicated policeman, Anderson, " with a gun." There is no proof of any conduct, save as disclosed by the Police Department record, or of the appearance of Anderson, which would indicate that he was a chronic alcoholic or mentally ill. The facts are insufficient upon which to predicate the conclusion that defendant should have anticipated the assaults perpetrated by Anderson, even though four months after the occurrence, and on May 5, 1943, Anderson was diagnosed as a " Paranoid deterioration type " with a " Psychosis due to alcohol." (Ford v. Grand Union Co., 268 N. Y. 243; cf. Swinarton v. Le Boutillier, 7 Misc. 639, affd. 148 N. Y. 752; Fletcher v. Baltimore & Potomac Railroad, 168 U. S. 135; Hogle v. Franklin Manufacturing Co., 199 N. Y. 388; Rafsky v. City of New York, 257 App. Div. 855.) Hagarty, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.

BERNARD NOVACK, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for personal injuries suffered when an automobile driven by plaintiff collided with one of defendant's trolley cars. Judgment, entered on the verdict of a jury in favor of plaintiff, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.

ALFRED PEABODY, Respondent, v. HENRY KAUFMAN, as President of District Lodge No. 15, International Association of Machinists, an Unincorporated Association, Appellant.— Action to reinstate the plaintiff to the position or office of business agent, from which he was removed by an unincorporated association of which he is a member, and for damages for the alleged removal. Order denying plaintiff's motion for a temporary injunction, denying defendant's motion for summary judgment, and denying cross applications for judgment on the pleadings, modified on the law by striking the word " denied " from the second ordering paragraph and substituting in place thereof the word " granted." As thus modified, the order, insofar as appealed from, is affirmed, without costs. No essential fact is in dispute, and no triable issue exists. The documentary evidence, the verity or conclusiveness of which is not in question, sufficiently establishes the defenses. Plaintiff, although removed from the paid employment of business agent, was not expelled as a member of the organization, and it does not appear that he was denied any legal right. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.