THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent, against SAM ROSENSHEIN et al., as Assessors of the Town of Fallsburgh, Sullivan County, et al., Appellants.

Argued October 12, 1949; decided December 1, 1949.

*Lazarus I. Levine* and *Leo Salon* for appellants. I. This appeal presents only questions of law for review by the Court of Appeals. The Appellate Division committed error in attempting to pass on facts deemed immaterial and not considered by the trial court. (*Rubin* v. *Prudence Bonds Corp.*, 297 N. Y. 250; *Matter of Totten*, 179 N. Y. 112; *Griggs* v. *Day*, 158 N. Y. 1; *Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Westerfield* v. *Rogers*, 174 N. Y. 230; *Buffalo & Lancaster Land Co.* v. *Bellevue Land & Improvement Co.*, 165 N. Y. 247; *Allen* v. *Corn Exch. Bank*, 181 N. Y. 278; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Fox Film Corp.* v. *Hirschman*, 234 N. Y. 55; *Mawhinney* v. *Millbrook Woolen Mills*, 231 N. Y. 290.) II. It was incumbent upon relator to show that the railroad's financial distress resulted despite proper management. The Appellate Division committed error in holding that the burden was upon defendants to prove mismanagement and inefficiency. (*People ex rel. Osgood* v. *Commissioners*, 99 N. Y. 154; *People ex rel. Jamaica Water Supply Co.* v. *Tax Comrs.*, 196 N. Y.

39; *People ex rel. Amer. Contr. & Dredging Co.* v. *Wemple,* 129 N. Y. 558; *People ex rel. Panama R. R. Co.* v. *Commissioners of Taxes,* 104 N. Y. 240; *People ex rel. Rome, W. & O. R. R. Co.* v. *Haupt,* 104 N. Y. 377; *People ex rel. Westchester Fire Ins. Co.* v. *Davenport,* 91 N. Y. 574; *People ex rel. Hudson & Manhattan R. R. Co.* v. *State Bd. of Tax Comrs.,* 143 App. Div. 26.) III. Cost of reproduction new, less physical depreciation, is the normal basis of railroad valuation. Relator must conclusively prove its lack of '' earning capacity under proper management '' as distinguished from merely lack of '' actual earnings '' before an economic depreciation factor can affect the normal rule of real property assessments. (*People ex rel. Delaware, L. & W. R. R. Co.* v. *Clapp,* 152 N. Y. 490; *People ex rel. New York, O. & W. Ry Co.* v. *Shaw,* 143 App. Div. 811, 202 N. Y. 556; *People ex rel. New York Central R. R. Co.* v. *Thompson,* 156 Misc. 536; *People ex rel. Rome, W. & O. R. R. Co.* v. *Hicks,* 40 Hun 598, 105 N. Y. 198; *People ex rel. Lehigh Valley Ry. Co.* v. *Harris,* 281 N. Y. 786; *Harris Trust & Sav. Bank* v. *Earl,* 26 F. 2d 617.) IV. The record is replete with evidence of mismanagement and inefficiency on the part of the railroad, and the same was amply proven. The holding of the Appellate Division that the record is barren of proof that in this case actual earnings and earning capacity are not synonymous is unjustified by the facts and unfair to appellants. V. Value should be determined by considering all factors in proper perspective. (*People ex rel. Lehigh Valley Ry. Co.* v. *Harris,* 168 Misc. 685; *People ex rel. New York Central R. R. Co.* v. *Thompson,* 156 Misc. 536; *Rowley* v. *Chicago & N. W. Ry. Co.,* 293 U. S. 102; *Great Northern Ry. Co.* v. *Weeks,* 297 U. S. 135.)

*Elbert N. Oakes* for respondent. I. The final orders appealed from should be affirmed except as modified to sustain the referee's average rate of economic depreciation corrected to 36.3%. (*Matter of Flood* [*Fed. Land Bank of Springfield*], 253 App. Div. 864; *Hansen* v. *Brooklyn Trust Co.,* 246 App. Div. 843; *Matter of Berardini,* 238 App. Div. 433, 263 N. Y. 627; *Smith* v. *Smith,* 273 N. Y. 380; *Boyd* v. *Boyd,* 252 N. Y. 422; *Matter of Burdak,* 173 Misc. 839; *Matter of Kramer,* 172 Misc. 598; *Major* v. *Leary,* 241 App. Div. 606; *Nottingham* v. *Nottingham,* 209 App. Div. 459.) II. No presumption exists that the

assessments are correct. (*People ex rel. Hotel St. George Corp. v. Lilly,* 45 N. Y. S. 2d 599, 293 N. Y. 898; *People ex rel. Home Owners' Loan Corp.* v. *Hascy,* 265 App. Div. 834.) III. The assessing officers ignored their legal duty by arbitrarily imposing upon this railroad property a series of grossly unreasonable assessments far beyond its cost new, less physical depreciation. IV. The drastic shrinkages in net earning power of the property of relator produced a depreciation in value greater even than the court allowed. V. The record is barren of any proof of mismanagement of the property of relator. VI. The referee's average method of reductions of assessments upon economic grounds does not present error. (*Southern Ry. Co.* v. *Kentucky,* 274 U. S. 76; *Smyth* v. *Ames,* 169 U. S. 466; *Consolidated Rock Products Co.* v. *Du Bois,* 312 U. S. 510; *Rowley* v. *Chicago & N. W. Ry. Co.,* 293 U. S. 102; *Cleveland, C., C. & St. L. Ry. Co.* v. *Backus,* 154 U. S. 439; *City of Detroit* v. *Detroit & Canada Tunnel Co.,* 92 F. 2d 833; *People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126; *Matter of Melcroft Corp.* v. *Weise,* 256 App. Div. 291.) VII. The referee made a mathematical error in determining that the assessable value of the property was $27\frac{1}{2}\%$ of reproduction cost. This figure should have been $36.3\%$.

*Per Curiam.* In determining the value for assessment of the railroad's property within the town of Fallsburgh for the years 1936 through 1942, the trial court properly took into account the fact that the company's " net operating income " had been insufficient to meet fixed expenses during those years (see *People ex rel. Delaware, L. & W. R. R. Co.* v. *Clapp,* 152 N. Y. 490, 494; and *People ex rel. Lehigh Valley Ry. Co.* v. *Harris,* 168 Misc. 685, 693–694, affd. 257 App. Div. 912, affd. 281 N. Y. 786). Reduction of the value employed for assessment by a factor derived from the average annual deficit was not arbitrary (see *People ex rel. Rome, W. & O. R. R. Co.* v. *Hicks,* 105 N. Y. 198, 202).

Obviously, operation at a loss is unrelated to the value of the property unless the railroad's income fairly reflects the earning capacity of its property. As appellants contend, the prudence of the management thus may be drawn in issue. However, the railroad's burden on that issue was met here by proof which sustains the findings that the drop in revenue was due to eco-

nomic factors beyond the control of management. None of the facts upon which appellants rely indicates that a prudent management would have acted differently in 1936 through 1942, or in the years immediately prior. Absent such proof, the earnings of this railroad must be accepted as fair indication of its earning capacity.

The seven proceedings were joined for trial by agreement, and any evidence which is relevant to each year may be employed in the determination for that year. Operating losses during 1936 through 1941 manifestly are pertinent to the value of the property in 1942. Although the extent of loss during 1942 would not have been available to the assessors in July, 1936 — when the assessment for that year was made — the employment of satisfactory evidence as to losses during subsequent years can occasion no prejudice in these proceedings. Under these circumstances it was proper to employ the average annual net income in constructing the factor for " economic depreciation ".

Respondent's property in the town of Fallsburgh — excluding Brown's Pond, not employed for railroad purposes — should be valued for assessment during the years 1936 through 1942 at 8/22, or 36⅓%, of land value plus depreciated reproduction cost of improvements. Those orders of Special Term for the years 1937 through 1942 must be modified, since the proper equalized assessment for each year will be greater than the amounts asserted in the protests of the railroad. However, the order for 1936 will remain unaffected. Section 606 of the Civil Practice Act compels remission of these proceedings to the Appellate Division since that court has not specified those findings of the trial court which were modified (Civ. Prac. Act, § 602, subd. 2; Tax Law, § 293).

The orders of the Appellate Division should be reversed, and the matters remitted to the Appellate Division for further proceedings not inconsistent with this opinion, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Orders reversed, etc. [See 300 N. Y. 752.]