Michael WANCA, Plaintiff-Appellee,

v.

PENN INDUSTRIES, Inc., Defendant-Appellant.

No. 62, Docket 25202.

United States Court of Appeals
Second Circuit.

Argued Oct. 8, 1958.

Decided Oct. 29, 1958.

William F. McNulty, New York City (Bounds & Wourms, New York City, on the brief), for defendant-appellant.

Robert Klonsky, New York City (Herman N. Rabson, New York City, and DiCostanzo & Klonsky, Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

PER CURIAM.

While working on the New York docks for the Pennsylvania Railroad, plaintiff was injured by a stray bullet shot by one Watson, a longshoreman for defendant, who had been working and quarreling there with another of defendant's employees for about half the day. Ample evidence supports the court's finding that Green, defendant's assistant foreman, had notice of Watson's condition; and his failure to act therefore consti-

tuted a breach of duty owed the plaintiff. "Duty * * * is measured by the scope of the risk which negligent conduct foreseeably entails." 2 Harper & James, The Law of Torts § 18.2 (1956). Green's failure to dismiss Watson created a risk —that a fight would result—which was reasonably foreseeable; and, given well-known human proclivities of workmen, so was the likelihood that one of the two quarreling employees would resort to a dangerous instrument, such as a gun, and thereby injure an innocent bystander. This conclusion accords with New York law, applicable here. McCrink v. City of New York, 296 N.Y. 99, 71 N.E.2d 419; Rafsky v. City of New York, 257 App.Div. 855, 12 N.Y.S. 2d 560; Ford v. Grand Union Co., 268 N.Y. 243, 254, 197 N.E. 266, reargument denied 268 N.Y. 664, 198 N.E. 546; Hogle v. H. H. Franklin Mfg. Co., 199 N.Y. 388, 92 N.E. 794, 32 L.R.A.,N.S., 1038.

Judgment affirmed.