Howard A. Zeller, J.
These are motions to dismiss applications made under article 7 of the Real Property Tax Law for a review of certain real property tax assessments upon the assessment rolls of the Town of Union for the year 1962-1963.
Respondents contend on their motions that the petitions must be dismissed because they do not show that the applicants served, and in fact did not serve, a proper and timely complaint to the officers responsible for correction of assessments for 1962 as required by sections 512 and 706 of the Real Property Tax Law. Section 706 states that a petition to review an assessment “must show that a complaint was made in due time to the proper officers to correct such assessment.” Section 512 requires that “ Complainants shall file with the assessors at any time prior to the meeting of the board of review or with the board of review at such meeting, a statement, under oath, specifying the respect in which the assessment complained of is illegal, erroneous or unequal * * *. The board of review may adjourn from time to time for the purpose of hearing complaints and shall have authority to accept a complaint on any adjourned day.”
The events recited by affidavit of petitioners’ attorney as preceding the filing of the petitions are substantially unrefuted. From the affidavit it appears that petitioners’ attorney orally made known to respondent Assessor Huff cut the intent to seek a review of certain assessments, and that on July 6, 1962 Assessor Huff cut phoned him to say that a Board of Review meeting was being called for the following Tuesday. The affidavit states that Assessor Huff cut said the board did not wish to hear the complaints until an adjourned date to be set later in *874 order that the facts might be more fully presented and examined, and that petitioners’ complaints should be confirmed by letter. The affidavit affirms that such a letter addressed to Assessor Huffcut dated July 9, 1962 was personally delivered to his office at 11:30 a.m. on July 10, when the Board of Review was in session.
From the affidavit it appears that on July 16, 1962 Assessor Huffcut notified petitioners’ attorney that the Board of Review had set 3:00 p.m., July 18 as the adjourned date for a hearing on these complaints. Because of counsel’s prior legal engagement in New York requiring earlier departure on that date, another adjourned date was requested and the matter was left open as Assessor Huffcut then could not contact the necessary Supervisor and Board of Review member for approval of an adjournment. No other adjourned date was ever set to hear the assessment complaints set out in counsel’s letter of July 9.
Admittedly, the letter of July 9 does not comply fully with the requirements of section 512 of the Real Property Tax Law that complaints specifying the grounds therefor be made under oath and by one having knowledge of the facts. Petitioners contend that by the undisputed events recited above the Assessor and Board of Review had so acted upon and undertaken to review the complaints as to constitute a waiver of the formal statutory requirements.
Such is found to be the case. Assessor Huffcut and the Board of Review were the ones who sought to have a hearing of petitioners’ complaints adjourned beyond the published grievance day. Assessor Huffcut suggested that the complaints be embodied in a letter. Implicit in these facts was a waiver of any technical objections to form and procedure. The petitioners had every reason to think their complaints would be heard contingent only upon the delivery of a letter and the setting of a date for such a hearing. If these respondents had any “ objection to relator’s procedure it was their duty to make it known at a time when the difficulty could have been obviated. If they failed to do this they must now be deemed to have waived the objection.” (People ex rel. Grant Realty Corp. v. Clinton, 138 Misc. 333, 335; see People ex rel. Eckerson v. Christie, 115 N. Y. 158; People ex rel. Empire Mtge. Co. v. Cantor, 190 App. Div. 512.)
Respondents further contend that complainants A. P. Romas and Parkman, Inc., are not even proper parties inasmuch as Peter A. Romas was the title owner of record of the parcels listed in their petitions, although each petition recites that petitioners are the actual title owners. The breath and clarity of the statutory language in section 704 of the Real Property *875 Tax Law are sufficient to dispose of this argument: “ 1. Any person claiming to be aggrieved by any assessment * * * upon any assessment roll may commence a proceeding under this article by serving a petition ” (italics supplied). The variety of estates and attendant liabilities commonly created in real property are reasons for the breadth of language here employed by the Legislature and justify a broad judicial interpretation. Validity or propriety of the tax rather than the nature of the title is the issue in such proceedings. It is sufficient if complainants are ones “ whose pecuniary interests are or may be adversely affected.” (People ex rel. Bingham Operating Corp. v. Eyrich, 265 App. Div. 562, 565.)
Respondents Board of Review and Town of Union also contend that they are not proper parties respondents as the proceedings should have been brought under the statutes only against the Assessor of the Town of Union.
Section 512 of the Real Property Tax Law deals with the hearing of complaints and provides that they may be filed with the Assessors or with the Board of Review, which is specifically empowered to determine final assessments and correct the assessment roll. Sections 514 and 516 require that upon hearing and determining all complaints the assessment rolls be certified and filed as the final assessment roll on or before August 15. Until such filing the Assessor separately may make corrections on the assessment roll (12 Op. St. Comp. 1956, p. 31). Thus both the Assessor and the Board of Review have coterminous corrective and reassessment powers, by virtue of which powers the Board of Review becomes at least a proper party respondent. (See Matter of Corwin, 135 N. Y. 245; People ex rel. Calderazzo, 270 App. Div. 1019, mot. for lv. to app. den. 270 App. Div. 1046; People ex rel. Bingham Operating Corp. v. Eyrich, supra, p. 562; People ex rel. Benedict v. Roe, 25 App. Div. 107; People ex rel. Powott Corp. v. Woodworth, 172 Misc. 791.)
While article 7 of the Real Property Tax Law governing judicial review of assessments specifies who shall be made parties respondent, the language is mandatory rather than exclusory so that others may be made parties respondent in the proper case. Section 726 of the Real Property Tax Law provides for a refund of taxes found to be illegally, erroneously, or improperly levied, which refund with interest is a charge to the levying governmental unit. The Town of Union thus can be directly affected by the outcome of these proceedings, and so may be held as a proper party respondent. (Civ. Prae. Act, §§ 212, 213.)
*876 Respondents further contend that on December 27, 1962 petitioners “ wilfully refused to produce any papers with respect to said property (ies) or to answer any material questions put to (them) * * * as provided by Section 27 of the Tax Law Section 27 of the Tax Law was replaced in 1958 by section 512 of the Real Property Tax Law, which governs the point. Subdivision 2 of section 512 provides that the Board of Review may require appearance before it of complainants or their agent for the purpose of examination and may require production of papers relating to the assessment. However, such powers are only in conjunction with the hearing of a complaint as set out in subdivision 1 of section 512. The hearing and corrective powers of Assessors and Boards of Review terminate no later than August 15 under the present section 516 of the Real Property Tax Law, so that respondents demand for the production of papers on December 27 was completely defunctus, unauthorized and not required by statute to be met by these complainants.
Respondents’ motions to dismiss these petitions should be denied and a reference should be directed to-hear the evidence of the complainants concerning the alleged overassessments, and to report to this court the Referee’s findings of fact and conclusions of law. (Real Property Tax Law, § 720.)
No costs are awarded on these motions. (See Real Property Tax Law, §§ 716, 722.)